## MARTIN *v.* HALBROOKS.

Decided March 19, 1892.

*Mortgage—"All other indebtedness"—Construction.*

> A mortgage to secure a specific sum due at a given date "and all other indebtedness which may then be due" will not include an existing judgment against the mortgagor in favor of a third person which was subsequently purchased by the mortgagee without the consent of the mortgagor.

APPEAL from *Faulkner* Chancery Court.

DAVID W. CARROLL, Chancellor.

*E. A. Bolton* and *J. H. Harrod* for appellants.

The only thing to be determined in this cause is, what is the contract between the parties? The terms of the mortgage are "to pay the sum * * * mentioned and *all other indebtedness* which may then be due * * * on or before November 1st, 1889." This is the contract. Courts do not make contracts for parties, but enforce such as they make. This written contract cannot be contradicted or varied by parol agreement. 4 Ark., 154; 5 *id.*, 651; 6 *id.*, 489; 13 *id.*, 125. If a party by his contract charge himself with the performance of an obligation, he must discharge it. 14 S. W. Rep., 558; 27 N. J. Law., 513; 19 Wend., 500; 2 Wall., 9. Appellee agreed to pay "the general book account for 1889, and *all other indebtedness.*" Either will include this judgment.

COCKRILL, C. J. One may execute a valid mortgage to secure a debt to be contracted thereafter. *Jarratt* v. *McDaniel,* 32 Ark., 598; *Fort* v. *Black,* 50 Ark., 256.

It is not necessary that the amount to be secured should be set out in the instrument. *Curtis & Lane* v. *Flinn,* 46 Ark., 70; *Fort* v. *Black, sup.* It follows that an unequivocal agreement in a mortgage that the instrument shall secure all indebtedness of whatever nature that may be due from the mortgagor to the mortgagee at a future date named, would

not be invalid between the parties for the want of uncertainty.

The question in this case is, have the parties entered into such an agreement?

The appellants were the mortgagees and filed their complaint against the appellee, who was the mortgagor, to foreclose a chattel mortgage. The mortgage was executed in February, 1889, and contains the following provision, viz.: " Whereas, the said party of the first part is indebted to the parties of the second part in the sum of $225, evidenced by his promissory note for $178.80, due November 1st, 1889, and a general account for the year 1889; now, if the said party of the first part shall well and truly pay to the parties of the second part the sums herein-before mentioned, and all other indebtedness which may then be due the parties of the second part from the party of the first part, together with the cost of this trust, on or before the 1st day of November, 1889, then this obligation to be void, otherwise to remain in full force and effect."

The controversy arises as follows: After the mortgage was executed, the mortgagees purchased at a heavy discount a judgment that was rendered against the mortgagor, before the mortgage was executed, in favor of a stranger; charged it on their books against the mortgagor at its face value; and after the latter had paid his note and the residue of the account secured by the mortgage, they instituted this suit to foreclose for the debt they had acquired by assignment.

The mortgagees allege in their complaint that when the mortgage was executed the appellee was indebted to them in the sum of $178.80, and that he, being desirous of having them furnish him with goods, wares, merchandise, moneys and other things, executed the mortgage in question. The mortgagor concedes that state of case to be true. If the clause "and all other indebtedness which may then (that is, November 1st, 1889) be due " the mortgagees by the mortgagor, were omitted from the instrument, the limit of the debt to which the security of the mortgage could attach would

be the sum of $225, for that sum is specifically mentioned as the amount secured; and an amount advanced beyond that limit would not have been covered by the mortgage, in the absence of a valid agreement to that effect. *Johnson* v. *Anderson,* 30 Ark., 745. But the addition of the clause mentioned extended the limit of the mortgage debt to such further sum as the mortgagees might advance to the mortgagor or expend at his instance prior to November 1st. *Fort* v. *Black,* 50 Ark., *sup.* The circumstances surrounding the parties at the time the mortgage was executed, and the purpose of its execution, render it improbable that the clause under consideration was intended to have a wider scope. The mortgagees were merchants doing business in the town where the mortgagor, who was a farmer, was in the habit of trading. He desired to buy goods from them on a credit. and to borrow small sums of money to aid him in making his crop, and the mortgage was executed to give security to the merchants for the farmer's indebtedness thus incurred. The debt already due them was expressly included, and the two together, it was estimated, would not exceed $225. When they added the words "and all other indebtedness," it is fair to presume that they meant indebtedness in excess of $225 of the same nature as that already described and within the purpose of the mortgage. That construction of the language fully accomplishes the purpose which called the mortgage into being. If the mortgagees expected to acquire a right under the mortgage which was not in contemplation of the parties at the time of its execution, they should have employed unambiguous language expressing that intention. They have not done, so and they cannot have a decree foreclosing for the debt they acquired by assignment.

If the debt had been taken up by the mortgagees at the instance of the mortgagor, a more favorable argument might be made by them to effect the security of the amount advanced. But they make no satisfactory showing of that sort.

The decree against them will be affirmed.