## HOYE *v.* BURFORD.

### Opinion delivered June 9, 1900.

1. MORTGAGE—DESCRIPTION OF INDEBTEDNESS.—The recital in a mortgage that it is given to secure all indebtedness that the mortgagor owes the mortgagee is a sufficient description of the debt intended to be secured. (Page 258.)

2. SAME—LIMITATION OF ACTION.—Under Sand. & H. Dig., § 5094, providing that a partial payment on a debt secured by mortgage shall not operate to revive said debt unless the mortgagee shall, prior to expiration of the period of limitation, indorse a memorandum of such payment on the record, such indorsement of partial payments is not necessary where the record of the mortgage does not show that the mortgage is barred, although the debt secured would in fact be barred but for partial payments made upon the note secured. (Page 259.)

Appeal from Conway Circuit Court.

JEREMIAH G. WALLACE, Judge.

### STATEMENT BY THE COURT.

This was an action of replevin by H. L. Burford against John Hoye to recover the possession of two cows. Burford claimed the property by virtue of a mortgage executed to him by R. W. Butler, dated March 11, 1895. This mortgage says, "In consideration of the sum of $1.50, the receipt of which is hereby acknowledged, the party of the first part has bargained," etc., with other property described, two cows, describing them as "two calves belonging to above cows," and recites that Butler is indebted to Burford in the sum of $1.50 evidenced by "my promissory note of even date" with the mortgage, "and to further secure all indebtedness that I owe said H. L. Burford." By special verdict the jury found that the cows in controversy were the calves mentioned in the mortgage. The court, on motion, rendered judgment on this verdict in favor of the plaintiff for the cows, or their value, $12.50 each. It was conceded at the hearing that the $1.50 mentioned in the mortgage was not a *bona fide* indebtedness, and that the real purpose of the mortgage was to secure a balance of $250 due on a note for $351.15, dated March 14, 1891, payable October 15, 1891, on which *bona fide* payments had been made as late as 1897, and on that account it was not barred. It was also conceded that Hoye was an innocent purchaser of the property from Butler about one year before the suit was commenced, and that no credits were entered on the margin of the record of the mortgage. Suit was commenced February 22, 1898. The defendant objected to the introduction of the note and mortgage, on the ground that it did **not**

17

describe the indebtedness, and because the mortgage was barred by the statute of limitations.

*Ratcliffe & Fletcher* and *A. F. Vandeventer*, for appellant.

The mortgage was not void for want of sufficient mention of the indebtedness. 14 Conn. 17; 12 Bush, 209; 47 Ark. 712; 1 Jones, Mort. § 70.

*J. F. Sellers*, for appellees.

The statute of limitation is waived if not pleaded. 31 Ark. 684; 49 *ib.* 253. No exception being saved to the court's rulings on the validity of the mortgage, they are deemed waived. Sand. & H. Dig., § 5844; 41 Ark. 535; 44 Ark. 103; 50 Ark. 348; 51 Ark. 324. Exceptions not embodied in the motion for new trial are waived. 43 Ark. 391; 45 Ark. 524; 55 Ark. 376.

WOOD, J., (after stating the facts.)  Passing over the objection of appellee that the exceptions of appellant to the rulings of the trial court were not embodied in his motion for new trial, and therefore were waived, and conceding that exceptions were properly saved, and that the errors of which appellant here complains are properly before this court for consideration, still we find nothing for which to reverse the judgment. Taking the grounds of the motion as appellant states them, the court did not err: "First, in refusing to declare the mortgage of March 11, 1895, void." The mortgage recites: "Whereas, the said party of the first part is indebted to the said party of the second part in the sum of $1.50, evidenced by my promissory note of even date herewith, and to further secure all indebtedness that I owe said H. L. Burford," party of the second part. It is conceded that the $1.50 expressly mentioned was not *bona fide.* But the proof showed that at the time the mortgage was executed there was a *bona fide* indebtedness of some $250 from the mortgagor to the mortgagee. The clause above set forth was all-sufficient to take that in. This point is ruled by *Curtis* v. *Flinn*, 46 Ark. 70, where the court, through Judge Cockrill, said: "If the mortgage contains a general description, sufficient to embrace the liability intended to be secured, and to put a person examining the records upon

inquiry, and to direct him to the proper source for more minute and particular information of the amount of the incumbrance, it is all that fair dealing and the authorities demand."

Second. The mortgage was not barred by the statute of limitations. It is true, the note which the mortgage was given to secure had only been saved from the statute bar by reason of payments made thereon. But these kept it alive, and as the mortgage of record was not barred, and did not show the debt to be barred, it was not necessary that the partial payments made on the note should be indorsed on the margin of the record of the mortgage. Section 5094 of Sand. & H. Dig. does not require it in such a case, but only in cases where the mortgage of record shows the debt to be barred. Then, in order that third parties be not misled, if, notwithstanding the mortgage of record shows the debt to be barred, the debt is not in fact barred by reason of partial payments, these must be entered on the margin of the record of the mortgage. Such we understand to be the object and the proper construction of the proviso to section 5094 of Sandels & Hill's Digest.

Affirm the judgment.

BATTLE, J., absent.