## STEWART v WOOD.

Opinion delivered May 25, 1908.

1. JUDGMENT—VACATION AFTER TERM.—Kirby's Digest, § 4431, subdiv.
   4, providing that "the court in which a judgment or final order has
   been rendered shall have power, after the expiration of the term, to
   vacate or modify such judgment or order. * * * Fourth, for
   fraud practiced by the successful party in the obtaining of the
   judgment or order," does not authorize the court at a subsequent
   term to set aside a judgment duly rendered for mere errors of law
   committed by the court. (Page 505.)

2. APPEAL—CONCLUSIVENESS OF COURT'S FINDINGS OF FACT.—Findings of
   fact of a trial judge in an action at law are as binding upon the
   Supreme Court on appeal as the verdict of a jury would be. (Page
   507.)

Appeal from Crawford Circuit Court; *Jeptha H. Evans,*
Judge; affirmed.

*Winchester & Martin,* for appellant.

The opinion delivered on the former appeal settles this con-
troversy. 81 Ark. 41. The judgment appealed from is clearly
erroneous. 63 Ark. 141; 79 Ark. 185; 60 Ark. 50; 56 Ark. 170;
55 Ark. 609. The only question sent down to the lower court
was, did the agreement as to the judgment remain in force be-

tween the parties up to the time of its rendition, and, incidentally, what amount of judgment was agreed upon? If the lower court meant by its finding that no agreement ever existed, or that it had been rescinded, such finding is not supported by the record. Appellant does not contend that an agreement existed as to the amount of judgment, but that he signed the guaranty as a witness merely. If he is liable at all, it is only for the $100.00, keep of the jack, with interest.

*Sam R. Chew,* for appellee.

In order to set aside the former judgment, the burden was on appellant to prove fraud in obtaining it. Kirby's Dig., § 4431, sub-div. 4. And he must show a valid defense to the action. *Id.* § 4434. Failing in this, he has no standing here, even though the judgment had been obtained by fraud. 49 Ark. 497; 54 Ark. 539. The question presented on remand to the circuit court was one of fact, which that court has found contrary to appellant's claim. The judgment should be affirmed.

HART, J. This action is before the court a second time. The former opinion is reported in 81 Ark. 41, to which reference is made for a statement of the case.

When the cause was remanded, it was transferred to the circuit court pursuant to the directions of this court. Stewart then filed his motion to set aside the judgment, basing it on the fourth sub-division of section 4431 of Kirby's Digest, which reads as follows:

"For fraud practiced by the successful party in the obtaining of the judgment or order."

The motion was heard before the same judge who tried the case in the first instance. After hearing the evidence, he denied the motion, and made the following findings of fact: "I find that the case was originally tried upon proof where the plaintiff, S. W. Stewart, had the benefit in his presence and hearing and with his knowledge of his defense to the action; that all matters litigated here were considered by the court in that case, and the judgment was rendered upon proof, and not upon agreement between Stewart and Fitzhugh, and that at the time of the rendition of the judgment there was no existing agreement between Stewart and Fitzhugh by which the court

should render any amount of judgment; that Stewart and Fitz-hugh appeared here as adversaries in the court, contending for their respective contentions, and the finding of the court in that case will not be disturbed. For these reasons the motion to va-cate and modify the judgment will be overruled."

This court in its former opinion held that if Wood, while the alleged agreement was in force, procured judgment against Stewart for more than the latter had agreed to, or for more than it was agreed that Wood should ask for, then the judgment should be to that extent set aside. It, also, in effect, held that, if judgment in the first instance was rendered pursuant to the agreement, it should be presumed that Stewart only agreed that judgment should be entered for the amount for which he was liable by the terms of the written guaranty, which was the foun-dation of the action.

The findings of facts made by the circuit judge in his judg-ment denying the motion of Stewart to set aside the judgment rendered in the first instance show that the case, as originally tried, was upon the merits, and that judgment was not entered upon the agreement.

An inspection of the record of the former appeal shows that the complaint and answer filed in the circuit court in the origi-nal case raised an issue of fact, and that evidence was heard before the court sitting without a jury upon the issues presented by the pleadings. Therefore, instead of having the case of a judgment procured by fraud or entered through mistake for an amount different to that agreed upon by the parties to the suit, we have the case of an erroneous judgment, erroneous, for the reason that by the terms of the written guaranty Stewart was not liable for the return price of the jack. His remedy, then, to correct this error was by appeal.

In Black on Judgments, § 329, the rule is stated as fol-lows:

"The statutes enacted in many of the States, granting power to vacate judgments rendered against a party through his mis-take, inadvertence, surprise, or excusable neglect, do not au-thorize the court at a subsequent term to set aside a judgment duly rendered for mere errors of law committed by the court."

In the case of *Luttrell* v. *Jones*, 63 Ark. 254, the court said:

"A judgment entry on sustaining a demurrer to a complaint which identifies the parties, [and] shows that the court found that the defendant had curtesy in the land sought to be recovered, that the plaintiffs stood on their complaint, refusing to plead over, and that their complaint was dismissed with costs, is sufficiently formal, and is conclusive on the question of curtesy in a subsequent action between the same parties."

The facts in that case are that the Luttrells brought suit against Reynolds to recover certain lands. Reynolds demurred to the complaint, and for cause stated that it affirmatively appeared from the complaint that he had curtesy in the lands. The court sustained the demurrer on that ground, and, finding from the complaint that Reynolds had curtesy, dismissed it at plaintiff's cost. The Luttrells afterwards brought suit against Reynolds to recover the same lands. On appeal, this court held that the complaint in the first case did not affirmatively show curtesy in Reynolds, and was not demurrable, but that the judgment in that case, although erroneous, was final and conclusive until reversed on appeal. So in the present case the trial judge found that the judgment in the first case in the circuit court was not entered upon the agreement, but was a trial had upon the merits. According to numerous decisions of this court, the findings of fact of a trial judge are as binding upon us as the verdict of a jury, and we can not say that there is not sufficient evidence to support his findings. The trial judge, then, having found that the action as originally brought was heard upon the merits, there is only left the case of an erroneous judgment, which, as we have seen, could only be corrected by appeal, and, this remedy not having been pursued, the judgment must be affirmed.