FIRST NATIONAL BANK OF CORNING v. CORNING BANK &
TRUST COMPANY.

Opinion delivered February 16, 1925.

1. MORTGAGES—INDEBTEDNESS SECURED.—A mortgage, the preamble of which described the debt secured as the sum of $80.02, evidenced by a note, and a defeasance clause of which recited that, on payment of the note "together with all other indebtedness which may be due," to the mortgagee at a later date, the mortgage should be void, *held* to secure only indebtedness evidenced by note and additional advances subsequently made, and not indebtedness evidenced by prior notes.

2. MORTGAGES—CONSTRUCTION.—The intention of the parties to a mortgage at the time of its execution, as expressed by the language employed, governs, and this purpose cannot be enlarged by any contemporaneous parol or subsequent agreement that it should secure any indebtedness other than that referred to in the mortgage.

Appeal from Clay Chancery Court, Western District; *J. M. Futrell*, Chancellor; affirmed.

*F. G. Taylor*, for appellant.

Under the defeasance clause of appellant's mortgage, it secured all of the indebtedness of the mortgagor to the mortgagee at the time it became due.  46 Ark. 70; 68 Ark. 256; 91 Ark. 400; 96 Ark. 594.  Appellee is estopped from questioning the validity of appellant's mortgage, by the provision in appellee's mortgage that it was given subject to appellant's mortgage.  48 Ark. 258; 63 Ark. 268; 27 Cyc. 1168-9, and note, 27; *Id.* 1226, and note 82; Jones on Chattel Mortgages, 2nd Ed. 494; 123 Mass. 105.

*Harper E. Harb* and *Oliver & Oliver*, for appellee.

The defeasance clause had reference to future indebtedness that might be incurred, and can not be extended to include notes evidencing a pre-existing indebtedness, not mentioned in the mortgage.  11 C. J. 497; 66 Ark. 550; 55 Ark. 569.  Appellee is not estopped. The mortgage was taken subject to appellant's mortgage *given to secure* $80.02.

Smith, J.   This cause was submitted to the court below on an agreed statement of facts, under § 1340, C. & M. Digest, from which we copy the following recitals:

On April 17, 1922, one Ben Allen executed to the First National Bank of Corning, Arkansas, hereinafter referred to as appellant, a note for $80.02, and, on the same day, he executed to this bank a chattel mortgage. At the time of the execution of this note and mortgage Allen was already indebted to appellant in the amount of two notes, one for $161.29, and the other for $201.12. The mortgage was duly filed with the clerk and recorder on April 20, 1922.

On the 27th of April, 1922, the said Allen executed a chattel mortgage to the Corning Bank & Trust Company, hereinafter referred to as appellee, covering the same personal property described in the mortgage to appellant, except that it did not cover a certain mule, which was one of a pair of mules mortgaged to appellant. The mortgage given appellee recited that it was subject to a mortgage from Allen to appellant "to secure the sum of $80.02, mentioned in said mortgage to said First National Bank."

There was no question about the amount or the validity of the indebtedness claimed by either appellant or appellee, and no further or other indebtedness was incurred by Allen to either bank.

Appellant foreclosed its mortgage by a sale thereunder on November 18, 1922, and at this sale the mule was sold which was not covered by appellee's mortgage, along with all of the other property described in appellant's mortgage. After paying the expenses of the sale and the note for $80.02 due appellant, there remained in the hands of appellant the sum of $136.65. The team of mules sold for $175; and it was agreed that the mules composing the team were of equal value.

On the day of the sale the parties hereto entered into an agreement that the property should be sold by appellant and, after paying the expenses of the sale and the note for $80.02, the balance should be held by appel-

lant until it was determined which of the parties hereto was entitled to this balance, the sum being held by appellant pending the decision of the controversy upon an agreed statement of facts, it being the contention of each bank that it was entitled under its mortgage to this balance of $136.65.

The mortgage to appellant contained the following provision: "Whereas, the said party of the first part is indebted to the party of the second part in the sum of eighty and 02/100 dollars, evidenced by one note of even date herewith, for the above said sum, for value received, with interest from date, at the rate of ten per cent. per annum until paid, and payable on October 1, 1922."

The defeasance clause of the mortgage reads as follows:

"Now, if the party of the first part shall well and truly pay to party of the second part the sum hereinbefore mentioned, or any subsequent renewal or renewals thereof (it being understood that party of the second part has the right to accept a renewal note without renewing this mortgage), together with all other indebtedness which may be due the party of the second part by the party of the first part, together with the cost of this trust, on or before October 1, 1922, then the conveyance shall be void and satisfied of record at the cost of the party of the first part; or otherwise to remain in full force and effect."

Thereafter followed authorization to sell the property described in case of default of payment under the power of sale contained in the mortgage.

The question presented for decision is, which of the banks is entitled to the proceeds of the mortgaged property remaining after paying the expenses of the foreclosure and the note for $80.02.

The court below made a finding that appellant bank, which was the defendant below, should first apply the proceeds of the sale of the mule not included in both mortgages to its debt, but also found that, after this had been

done and all of the indebtedness due appellant which was secured by its mortgage had been paid, there remained in its hands the sum of $136.65, and judgment was rendered for appellee for this amount, and this appeal is from that decree.

There is a discussion in the briefs of counsel of the doctrine of marshaling assets, which we find it unnecessary to consider, as, in our opinion, the point at issue will be disposed by deciding what debt due appellant was covered by its mortgage, and, as we have concluded that only the $80.02 note was covered by the mortgage, and as the balance in appellant's hands exceeds the proceeds of the sale of the mule not included in both mortgages, there is no question of marshaling of assets to consider.

The validity and priority of appellant's mortgage are conceded, but did it cover the entire debt due appellant?

Appellant cites and relies on the cases of *Curtis* v. *Flinn,* 46 Ark. 70, and *Hoye* v. *Burford,* 68 Ark. 256.

The syllabus in the first case is as follows: "Though usual, it is not necessary that a mortgage state the amount of the debt to be secured, or that it is evidenced by a note or any other instrument. If it contains a general description, sufficient to embrace the liability intended to be secured and to put a person examining the records upon inquiry, and to direct him to the proper source for particular information of the amount of the debt, it is sufficiently certain."

In the other case a syllabus reads: "The recital in a mortgage that it is given to secure all indebtedness that the mortgagor owes the mortgagee, is a sufficient description of the debt intended to be secured."

The rule announced in those cases has been applied in a number of later ones; but we do not think there is anything in the rule stated which authorizes us to construe appellant's mortgage to cover the two notes from Allen to appellant outstanding at the time of the execution of the mortgage to it.

The preamble to the mortgage recites the existing debt which the mortgage was intended to secure, and it is described as the sum of $80.02, evidenced by a note. No intimation is given that there was any other indebtedness outstanding.

It is true the defeasance clause of the mortgage provides that, if the note shall be paid, "together with all other indebtedness which may be due the party of the second part (appellant) by the party of the first part (Allen), together with the cost of this trust, on or before October 1, 1922," that the mortgage should be void. But we think this additional indebtedness here referred to contemplated an indebtedness not then existing, but which might later be incurred. The note for $80.02 was specifically described in the preamble as the indebtedness then due, and the preamble does not provide that it shall secure any other indebtedness due at the time of the execution of the mortgage.

It does not appear in the mortgage, until the defeasance clause is reached, that any other indebtedness existed or was contemplated, and this clause begins with the proviso that, if this note is paid, that is, the existing debt which the mortgage secures was paid, and further, that any other indebtedness which may become due later is paid, the mortgage shall be void, and shall be satisfied of record.

The court below construed this language as covering the indebtedness described and any additional advances, and we think this construction was correct. There were, however, no additional advances made, so the mortgage secured only that mentioned.

In the case of *Lightle* v. *Rotenberry,* 166 Ark. 337, we considered the cases relied upon by respective counsel, although they are not all reviewed in that opinion, but in that case, as in this, we thought the applicable rule to apply was the one announced by Chief Justice COCK-RILL in the case of *Martin* v. *Halbrooks,* 55 Ark. 569. In following and applying that case we recognized the rule announced in other cases, that the mortgagor might

employ language sufficiently broad to cover any indebtedness he might owe the mortgagee at the time foreclosure was sought, and that this could be done without specifically mentioning the debts to be secured, if the language of the mortgage was sufficiently comprehensive to secure all indebtedness that might be due. But the doctrine of that case is that an effect so broad will not be given to a mortgage unless it is apparent, from the language of the instrument, considered in its entirety, that such was the intention of the mortgagor.

The case of *Lightle* v. *Rotenberry* is also authority for holding here that the intention of the parties at the time of the execution of the mortgage, as expressed by the language there employed, governs, and that this purpose cannot be enlarged by any contemporaneous parol or subsequent agreement that it should secure any indebtedness other than that referred to in the mortgage. See also *Page* v. *American Bank of Commerce & Trust Co.*, 167 Ark. 607.

We conclude therefore that the mortgage in question secured only the note described and additional advances to be made, but, as no additional advances were made, the mortgage was satisfied when this note was paid, and the decree was properly rendered in appellee's favor for the balance remaining after this note and expense of foreclosure were paid. That decree is therefore affirmed.