## JOHNSON *v.* JOHNSON.

### Opinion delivered December 7, 1925.

1. JUDGMENT—VACATING FOR FRAUD.—The fraud which justifies setting aside a judgment or decree on the facts in issue must be such as prevented the unsuccessful party from fully presenting his case, or which operated as an imposition on the jurisdiction of the court.

2. NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—Evidence, to be newly discovered, must not have been known at the time of the trial, and such as could not have been known by the exercise of reasonable diligence.

3. NEW TRIAL—FAILURE TO ATTACK CREDIBILITY OF OPPONENT'S WITNESSES.—Where an unsuccessful defendant was well acquainted with plaintiff's witnesses and their general reputation for truth and veracity at the time of the original trial, it was no excuse for his failure to impeach their credibility that he could not hear very well, and did not understand the proceedings.

Appeal from Garland Chancery Court; *J. P. Henderson,* Chancellor; affirmed.

STATEMENT BY THE COURT.

This is an appeal from a decree of the chancery court refusing to set aside a decree of divorce in favor of the husband on the ground of adultery.

In the original proceedings S. P. Johnson sued Susie Johnson for a divorce on the ground that she had been guilty of adultery with James Smith. Susie Johnson filed an answer denying the allegations of the complaint, and seeking a divorce on her own account on the statutory ground of ill treatment. She also asked for a division of his property under the statute.

Upon final hearing of the cause the court found that the charge of adultery was established by a clear preponderance of the evidence, and S. P. Johnson was granted a decree of divorce from Susie Johnson.

Subsequently Susie Johnson filed a motion to set aside the decree of divorce on the ground that it was secured by false testimony, and she was permitted to introduce evidence in support of her petition to set aside the divorce decree.

According to the evidence adduced in her behalf, it was shown that James Smith, the principal witness against her to prove the charge of adultery, was a man of dissolute habits, and of such bad reputation in the community for truth and honesty, that the witnesses testifying about his character would not believe him on oath.

Mrs. Ida Johnson was another witness in the divorce case against Mrs. Susie Johnson, and it was shown that the house where she lived was a place where intoxicating liquors were sold in violation of law. Mrs. Susie Johnson also introduced other witnesses who testified that her reputation for truth, morality and chastity was good. Another witness testified that Mrs. Ida Johnson's reputation for truth and morality was good, and that the charge of violating the liquor laws was against her sons.

The decree of divorce in the original case was granted on the 29th day of March, 1923, which was a day of the December term, 1922, of the Garland Chancery Court. The decree refusing to set aside the divorce decree was made on the 26th day of June, 1924, at a day of the June, 1924, term of the Garland Chancery Court.

To reverse that decree, Mrs. Susie Johnson has prosecuted the present appeal.

*John D. Hoskins,* for appellant.

*A. T. Davies,* for appellee.

HART, J., (after stating the facts). It is the settled rule in this State that the fraud which would justify the setting aside of a judgment or decree of a court on the facts in issue must be such as prevented the unsuccessful party from fully presenting his case, or which operated as an imposition on the jurisdiction of the court. Mere false testimony is not enough, if the disputed matter has been actually presented to and considered by the court. The mischief in retrying every case in which a decree rendered on false testimony given by perjured witnesses would be greater, by reason of the endless nature of the strife, than any compensation arising from doing justice in individual cases.

The same rule applies to newly discovered evidence. Evidence to be newly discovered must be found out since the rendition of the decree, and it must not have been known at the time of the trial, or could not have been known by the exercise of reasonable diligence. It is apparent that otherwise motions to set aside decrees might be made use of as a method for vexatious persons to be oppressive, and for causes never to be at an end. *Bank of Pine Bluff* v. *Levi,* 90 Ark. 166; *Smith* v. *Rucker,* 95 Ark. 517; *Long* v. *Long,* 104 Ark. 562; and *McMurray* v. *McMurray,* 153 Ark. 365.

Mrs. Susie Johnson was well acquainted with the witnesses whose testimony is alleged to be false, and with their general reputation for truth and morality at the time their testimony was taken in the original divorce

suit, and no sufficient reason is given for her not attacking their credibility in that suit in the same manner in which it has been attacked in the applicaton to set aside the divorce decree. The only excuse given by Mrs. Johnson is that she could not hear very well and did not understand the proceedings. This is not sufficient. She appears to be a woman of ordinary intelligence, and there is no reason why she could not have secured the testimony tending to show that the witnesses in the divorce case against her swore falsely, or that they had a bad reputation for truth and honesty as well when they testified as after the trial. She was well acquainted with both witnesses, and certainly knew their reputation at the time of the trial as well as she did afterwards.

In this connection it may be stated that the same chancellor who granted the divorce refused to set it aside after allowing Mrs. Johnson to introduce testimony on the question.

It follows that the decree will be affirmed.