Detroit Fire & Marine Insurance Company *v.* Helms.

Opinion delivered October 5, 1931.

*Horace Chamberlin,* for appellant.

*D. D. Terry,* for appellee.

McHaney, J. Appellant brought this action in the chancery court to cancel a policy of fire insurance issued by it to appellee, Scull, which had a standard mortgage clause attached making the loss, if any, payable to appellee, Commonwealth Building & Loan Association, hereinafter called the association, as its interest might appear, after the property covered by said policy had been destroyed by fire and liability, if any, had accrued. The facts, briefly stated, are as follows: The property is located in El Dorado and was left to Mrs. Helms by her husband. It was mortgaged to a bank in El Dorado

by her and insured in appellant with mortgage clause attached. This mortgage was foreclosed, the bank acquiring the property, and the insurance was transferred to it. Mrs. Helms desired to repurchase the property from the bank, which it was willing to sell for its debt, and sought to borrow the money from the Association for this purpose, but it was decided by all parties that she had better not apply for the loan on account of her financial irresponsibility. The Arkansas Finance Company, a corporation of El Dorado, of which Major O. L. Bodenhamer was chairman of the board, was the agent of the Association and also of appellant, and represented all parties to this lawsuit. It was decided that the son of Mrs. Helms apply for a loan of $1,750 to the Association, which he did on August 5, 1929, representing himself to be the owner, intending that the bank should convey to him and he, in turn, execute the mortgage if the loan was granted. This loan was refused by the Association because of an unsatisfied judgment against him. Thereafter, appellee Scull, a responsible business man of El Dorado made application to the Association for a loan, the application being similar to that of Mr. Helms, which was granted September 6, 1929. The bank conveyed to Mrs. Helms, who conveyed to Scull, and he executed the mortgage to the Association, and the deal was closed on September 10, by paying the proceeds of the loan to the bank and all deeds of conveyance being delivered and recorded. Thereupon the Arkansas Finance Company issued the policy in question to Scull with mortgage clause attached to the Association. Scull, Mrs. Helms and her son, thereafter, on the same day, entered into a written agreement that, if the Helms would pay all expenses incident to the transfers and all installments to the Association, Scull would convey the property to Mrs. Helms or her son as she should direct. This agreement, together with other papers, were left with the Arkansas Finance Company, some of whose officers were cognizant of all the foregoing facts. The September installment to the Association was deducted

from the loan. When the October installment became due, default was made, and the Association demanded payment of Scull, who, in turn, demanded same from Mrs. Helms and her son. Not being made, Scull executed a deed to the property back to Mrs. Scull, caused it to be placed of record and delivered it to Arkansas Finance Company, assuming, no doubt, by so doing, he would relieve himself of the embarrassment. On November 13, 1929, the property was totally destroyed by fire, which was reported to appellant, and it, after investigation, decided that fraud had been practiced upon it, that Scull had no title at the time of the fire, that Mrs. Helms had no contract relation with it, and that its policy should be canceled. It thereafter instituted this action for that purpose.

The chancery court took jurisdiction, no question thereto being raised, canceled the policy as to Scull and Mrs. Helms, but rendered judgment against appellant in favor of the Association for the amount of its loan on the property destroyed by fire, with interest, thereby refusing to cancel as to the Association. The court, however refused to give the Association judgment for a large sum paid by it for street taxes after the fire and for penalty and attorney's fees sought to be recovered by it on cross-complaint, so we have here an appeal and a cross-appeal. Neither Mrs. Helms nor Scull claim any interest in the policy and neither have appealed. The situation as to them is, that Scull had a policy but no property, and Mrs. Helms had property but no policy at the time of the fire.

Appellant insists that the policy is void by reason of the facts heretofore stated; that Scull's ownership was not sole and unconditional in violation of such a clause in the policy, as shown by the agreement between Scull and Mrs. Helms; that these facts were known to Arkansas Finance Company, and that the Association was affected with knowledge thereof through its said agent. If the knowledge of the Arkansas Finance Company must be imputed to the association, the same rule must

apply to appellant for the same agent represented both. So appellant had knowledge of the condition of said title through its agent, and with said knowledge issued and delivered the policy in question, and it is difficult to perceive how it can now be heard to say it has been defrauded, overreached or misled, for its agent knew all the facts. But we think the facts do not justify or sustain the charge of fraud. What Major Bodenhamer and his company did, in an effort to assist Mrs. Helms in regaining possession with the hope of acquiring title to her property, taken under foreclosure by the bank, as shown by the preponderance of the evidence, was done in good faith, with no purpose to injure or defraud any one. The property was good security for the loan, and the association makes no complaint. The amount of the policy was for a less sum than it had formerly been in the bank's favor. The record fee simple title was in Scull when the policy was issued, even though he had agreed to reconvey to Mrs. Helms under certain conditions. But, at the time of the fire, Scull had no interest in the property, and Mrs. Helms had no interest in the insurance. The court so held and canceled the policy as to them. But the court correctly held that the association could recover to the extent of its mortgage, as it is well settled that a mortgagee, under a standard mortgage clause, is not affected by the acts or omissions of the insured that would avoid the policy as to him. *Natl. Union Fire Ins. Co.* v. *Henry*, 181 Ark. 637, 27 S. W. (2d) 786.

With reference to the cross-appeal, the record reflects that Mrs. Helms had owned the property covered by the $3,000 policy in controversy and also an adjoining place on which she lived, all of which passed to the bank under foreclosure, and finally to Scull who executed two separate mortgages thereon to the association for $1,750 and $2,750, respectively, the proceeds of which went to pay the bank. It is contended by the association that under a clause in the former mortgage providing that it should stand as security for any other indebtedness due it by the mortgagor, it should have been permitted to recover

the full amount of $3,000 and apply the excess over the $1,750 mortgage on the $2,750 mortgage. Further that it had paid subsequent to the fire $551 improvement taxes on all the property and incurred other expenses which it ought to recover under the policy, as well as penalty and attorney's fees. The chancery court properly denied these claims. As to the taxes all rights accrued when the loss occurred, and, even though secured by the mortgage, they were not so secured until paid by the association which was after the loss. The "other indebtedness" clause does not give the association the right claimed. Under the mortgage clause appellant promised to pay it, in case of loss, as its interest may appear. This means as its interest may appear under the mortgage in question and not under another or wholly different mortgage on different property. The "other indebtedness" referred to some other indebtedness arising subsequent to the date of the mortgage and not indebtedness secured by mortgage on other property under another contract. See *Walker* v. *Whitmore,* 165 Ark. 276, 262 S. W. 678; *Berger* v. *Fuller,* 180 Ark. 372, 21 S. W. (2d) 419.

Not having recovered nor being entitled to recover the amount sued for on the cross-complaint, the association is not entitled to recover the statutory penalty and attorney's fee.

Affirmed both on appeal and cross-appeal.