HENDRICKSON *v.* FARMERS' BANK & TRUST COMPANY.

4-3485

Opinion delivered June 11, 1934.

Opinion on rehearing delivered July 2, 1934.

424

*J. Y. Stevens,* for appellants.

*Wade Kitchens* and *W. H. Kitchens, Jr.,* for appellees.

BUTLER, J. C. T. Fincher, trustee for the Farmers' Bank & Trust Company, brought suit in the Columbia Chancery Court to recover judgment on two promissory notes, one for $500 made on August 25, 1931, by the appellants, J. G. Hendrickson and Frances M. Hendrickson, his wife, and the other in the sum of $6,100 executed by J. G. Hendrickson on November 7, 1930. It was alleged that a certain mortgage, executed by the appellants on August 25, 1931, conveying to the appellee, trustee, certain property situated in the town of Magnolia, was made to secure the payment of both notes, and foreclosure was prayed with order of sale, etc. The mortgage declared on was exhibited and made part of the complaint. Summons was duly issued and served upon the appellants,

and, upon their failure to appear or plead, decree was rendered by default in accordance with the prayer of the complaint. This decree was rendered on September 22, 1933, at a day of the regular July term of the court.

On January 10, 1934, after the lapse of the term at which the decree was rendered, the appellants filed a pleading setting up the proceedings heretofore mentioned and asked that the decree be opened and modified so as to restrict the foreclosure of their equity in the property covered by the mortgage to the payment of the $500 note only. The ground upon which this prayer for relief was based was that the property was the homestead of the appellants, and the mortgage was not intended to, nor did it in fact, secure the payment of any indebtedness save the $500 note jointly executed by the appellants, and that "at the time the decree was obtained, counsel for plaintiff, by the complaint filed in said cause and by word of mouth, represented to the court that the deed of trust did include the $6,100 and did then and there obtain said foreclosure decree for said $6,100, when in fact said deed of trust was no lien against their homestead for said sum. If the court had been properly advised as to the execution of this note, the court would not have rendered such decree. The commissioner has advertised the lot to be sold on the 13th day of January, 1934; by these statements plaintiff's counsel practiced fraud upon the court and obtained the decree herein mentioned."

The complaint and exhibits in the former action were exhibited with this pleading.

Appellants' pleading, with the response of the appellee thereto, came on for hearing "upon the motion and complaint to set aside the decree filed on January 12, 1934, with exhibits thereto, and the response of the Farmers' Bank & Trust Company filed on January 22, 1934, both sides announcing that they do not desire to introduce any evidence, but desire that the question be submitted on the record and pleadings." The court thereupon treated the pleading of the appellants as a petition to vacate and modify the decree under § 6290, Crawford & Moses' Digest, subdivision 4. The court found that no

fraud was perpetrated upon it, "but that, if an error was made in declaring a lien for the entire amount of the judgment, the same was an error of law; that the petitioners, J. G. Hendrickson and Frances M. Hendrickson, were negligent in failing to respond to the summons and complaint in said original suit and make defense thereto; that, had they made defense to said action, they could have put in issue the question of a lien, and, had they been aggrieved by the action of the court thereon, might have perfected their appeal to the Supreme Court. The court, upon this hearing, does not decide the correctness of the original decree, but holds that any error of law in the decree upon an issue that might have been raised upon the trial of the original suit must be raised by appeal and not by motion to vacate the decree after the expiration of the term at which such decree was rendered." The prayer, of the petition was thereupon denied, and petitioners have appealed.

The court below properly denied the motion to open and modify the decree. The term of the court at which the decree was sought to be modified had lapsed, and, while the court might have amended its judgment after lapse of the term to make it speak the truth, it has no power to correct its mistakes or errors or to make its judgment or decree conform to what should have been, but was not, done. *Kelley Trust Co.* v. *Lundell Land & Lbr. Co.,* 159 Ark. 218, 251 S. W. 680.

It is contended by the appellants that a proper construction of the mortgage makes it a security only for the $500 specifically mentioned therein and subsequent debts contracted by the mortgagor and cannot be extended so as to make it security for antecedent debts. Counsel for the appellee placed a contrary construction on the mortgage, insisting that it was security for antecedent debts, which view the court adopted, is the fraud suggested.

It is unnecessary to set out the recitals in the mortgage upon which the contention of the appellants is based, namely, that they did not render it security for antecedent debts. It is sufficient to say that the import

of the language used is of such character as to create a reasonable difference of opinion as to its correct meaning, and the error committed by counsel and court, if any, consisted in a mistake of law. If the decree of foreclosure was not correctly responsive to the allegations of the complaint as controlled by the mortgage, which was the basis of the suit and a part of the complaint, this error might have been corrected by appeal from the default decree, and this was appellants' remedy. *Estes* v. *Lucky,* 133 Ark. 97, 201 S. W. 815; *Old American Ins. Co.* v. *Perry,* 167 Ark. 198, 266 S. W. 943.

The fraud for which a decree will be canceled must consist in its procurement and not merely in the original cause of action. It is not sufficient to show that the court reached its conclusion upon false or incompetent evidence, or without any evidence at all, but it must be shown that some fraud or imposition was practiced upon the court in the procurement of the decree, and this must be something more than false or fraudulent acts or testimony the truth of which was, or might have been, in issue in the proceeding before the court which resulted in the decree assailed. *James* v. *Gibson,* 73 Ark. 440, 84 S. W. 485; *Johnson* v. *Johnson,* 169 Ark. 1151, 277 S. W. 535; *Boynton* v. *Ashabranner,* 75 Ark. 415, 88 S. W. 566, 1011, 91 S. W. 20.

The mere fact that the security of the mortgage was erroneously extended so as to include a debt for which it might not have in fact been security is not sufficient to show that the judgment was procured by fraud (*Estes* v. *Lucky, supra*), but constituted a mistake of law which could have been corrected by appeal, and the court correctly held that it was not authorized to reopen or set aside its decree for errors of law committed by it. *Stewart* v. *Wood,* 86 Ark. 504, 111 S. W. 983.

A great part of the briefs, both of appellants and appellee, is devoted to a discussion relative to the correct construction and interpretation of the terms of the mortgage foreclosed. This question is not properly before us, and we are precluded from deciding it because no ap-

peal from the decree of foreclosure was ever taken in the trial court or granted by this court. The appeal from the order overruling the motion to vacate does not serve to bring up for review the decree of foreclosure. *Bradley* v. *Ashby,* 188 Ark. 707, 67 S. W. (2d) 739, and cases there cited.

The decree is affirmed.

BUTLER, J., (on rehearing). In this case there were two questions involved; one, the action of the court below in refusing to reopen and modify its former decree on petition filed for that purpose, the court holding that the pleading filed should be treated as a petition to vacate and modify under subdivision 4 of § 6290 of Crawford & Moses' Digest. In overruling the prayer of the petition the court held that no matter was alleged or proved to bring the pleading within the statute. In our opinion, delivered June 11, 1934, we upheld the action of the trial court in this regard and now reaffirm our opinion to that extent.

The other question presented and argued was that the decree rendered on September 22, 1933, was erroneous because the same was not responsive to the allegations of the complaint. In disposing of that question we held that, as no appeal was taken from the decree of foreclosure, either in the trial court or in this court, there was nothing for us to pass upon, and that the appeal from the order overruling the motion to vacate did not serve to bring up for review the original decree of foreclosure. In the petition for rehearing filed by the appellant our attention is called to the fact that there was an appeal prayed in this court from the original decree and by this court granted on March 14, 1934, within the time allowed by law for appeal. We have examined the transcript and freely confess our error in the original opinion and now proceed to examine the question presented by the appeal from the original decree of foreclosure.

Omitting the formal parts, the complaint alleged that on the 25th day of August, 1931, defendants executed and delivered to plaintiff their note in the sum of $500, due November 25, 1931, with interest, and to secure said

note "and all other indebtedness that might be due at or before foreclosure proceedings" the defendants executed and delivered a deed of trust whereby certain property (described) was conveyed to a trustee as security for the payment of said note and all other indebtedness due plaintiffs, in which deed of trust Frances M. Hendrickson, wife of J. G. Hendrickson, joined and relinquished her rights of dower and homestead in the property.

The complaint further alleged that the note and interest thereon was past due and unpaid, and that, in order to protect the property, plaintiffs had made certain expenditures for insurance at the request of the defendants.

The complaint also alleged that on a date prior to the execution of the aforesaid $500 note J. G. Hendrickson was indebted to the plaintiffs in the sum of $6,100, evidenced by his promissory note secured by fifty shares of stock in the Magnolia Cotton Mill Company. Reference was made to the notes and mortgage and the same were attached to the complaint as exhibits thereto.

The prayer was for judgment in the sum of $7,979.25, the aggregate sum of aforesaid notes with accrued interest, and that a lien be declared by virtue of said deed of trust upon the lands, and, by virtue of the pledge, upon the personal property mentioned, and that the equity of redemption of the defendants be foreclosed and the property subjected to the payment of the judgment.

The deed of trust provided "that the said parties of the first part, being indebted to the said Farmers' Bank & Trust Company in the sum of $500 as evidenced by their note of this date, due and payable on the 25th day of November, 1931, with ten per cent. interest thereon from date until paid, and being desirous of securing the payment of the said sum of money and all other indebtedness that may be due at or before foreclosure proceedings hereunder unto the said Farmers' Bank & Trust Company and in consideration thereof, and in the future consideration of $5, in hand paid to the said parties of the first part, the said J. G. Hendrickson and Frances M. Hendrickson parties of the first part, doth hereby bar-

gain, grant, sell and convey unto the said C. T. Fincher, as trustee, and unto his heirs and assigns forever, the following land and personal property, situated in the county of Columbia and State of Arkansas, to-wit: [describing property].''

In the defeasance clause of said deed the stipulation is ''that, in case the said J. G. Hendrickson and Frances M. Hendrickson, parties of the first part, or either of them, shall well and truly pay the said note at the time the same falls due, and all other indebtedness due the said party of the third part, then this deed is to be void. But in case the said note, or any other indebtedness due by the said parties of the first part, or either of them, to the said party of the third part, shall not be paid, the said C. T. Fincher, party of the second part, is hereby authorized and empowered to take said property into his immediate possession, and, after giving 21 days' notice by publication on the courthouse in the county of Columbia, may and shall sell said property for cash in hand, and with the proceeds arising from said sale pay off the said note and any other indebtedness due by the said parties of the first part as aforesaid.''

On September 22, 1933, the cause was reached, and, it appearing that no plea had been filed by the defendants, a decree was rendered by default, the court rendering judgment against J. G. Hendrickson and Frances M. Hendrickson jointly and severally in the sum of $602.86 with interest and the further sum of $75 with interest. The court rendered judgment individually against J. G. Hendrickson for the sum of $7,502.93 with interest and declared a lien upon the real estate described in the mortgage to secure the payment of the joint and several judgments against the defendants and also to secure the individual judgment against J. G. Hendrickson. A time was fixed by the court for the payment of the judgment and the provision made that, if not paid within that time, the real estate be sold and subjected to the payment of the aforesaid judgments.

A part of the decree dealt with the foreclosure and sale of the stock in the Magnolia Cotton Mill Company

pledged by Hendrickson to secure the payment of his individual note. That part of the decree is not affected by this appeal, no contention being made that the decree in that respect was unauthorized.

In equity exhibits to the complaint control its averments and the nature of the cause of action and may be looked to for the purpose of testing the sufficiency of the allegations of the complaint. *Moore* v. *Excelby,* 170 Ark. 908, 281 S. W. 671. It follows that upon a proper construction of the ·mortgage given ·by Mr. and Mrs. Hendrickson to secure the $500 note executed by them depends the measure of relief to which plaintiffs are entitled, and the correctness of the decree by which this relief is adjudged.

The contention for the affirmance of the decree rests upon the appellees' construction of the phrase, "all other indebtedness which may ·be due at or before foreclosure." It is asserted that this language is both comprehensive and definite enough to include debts other than the particular debt secured both antecedent and subsequent. Reliance is placed on the decisions of this court in *Curtis* v. *Flinn,* 46 Ark. 72; *Martin* v. *Halbrooks,* 55 Ark. 569, 18 S. W. 1046; *Hoye* v. *Burford,* 68 Ark. 256, 57 S. W. 795. These decisions do not support the interpretation by the appellees placed upon the mortgage in the instant case.

In. *Curtis* v. *Flinn, supra,* the object of the court was declared to be to discover the intention of the parties to the mortgage, and, when this was discovered, to interpret the language so as to effectuate their purpose. The object of the mortgage in this case was to secure advances of money, goods and supplies during "the present year" to enable the mortgagor who was a farmer to make a crop and the mortgage was given to secure supplies already received or thereafter to be furnished. The controversy arose ·between the mortgagee and another creditor of the mortgagor, the latter contending that the security did not cover the indebtedness due at the time of the execution of the mortgage, but only that which was incurred subsequent thereto. In denying this contention the court said: "If the mortgage contains a general description, sufficient to embrace the liability intend-

ed to be secured, * * * it is all that fair dealing and the authorities demand.'' It was held that the language of the mortgage was sufficiently explicit, the object of the mortgage being shown to satisfy the rule stated. In *Hoye* v. *Burford, supra,* the rule stated in *Curtis* v. *Flinn* was held to be applicable to the mortgage involved, and that its language, ''to secure all indebtedness I owe,'' was sufficient to cover certain specific sums where it was conceded that the object for which the mortgage was given was to secure these. It is to be inferred from these decisions that the real purpose of construction is to discover the intention of the parties and to give effect thereto.

In *Martin* v. *Halbrooks, supra,* the mortgage covered certain mentioned notes due on a date named in the future ''and all other indebtedness which may then be due.'' The mortgagee sought to foreclose for an antecedent debt unconnected with the purpose for which the mortgage was given, contending that such was included by the general phrase ''and all other indebtedness which may then be due.'' In considering the attendant circumstances, the court viewed the language of the mortgage in their light. It denied the inclusion of the antecedent debt within the security of the mortgage and, passing upon that question, said: ''When they added the words 'and all other indebtedness,' it is fair to presume that they meant indebtedness in excess of $225 of the same nature as that already described and within the purpose of the mortgage. That construction of the language fully accomplishes the purpose which called the mortgage into being. If the mortgagees expected to acquire a right under the mortgage which was not in contemplation of the parties at the time of its execution, they should have employed unambiguous language expressing that intention.'' A debt created subsequent to the mortgage being not yet in existence may not in all cases be clearly indicated; whereas, antecedent debts may always be definitely stated, and for this reason the general expression, ''other indebtedness,'' would usually be treated as referring not to an antecedent debt but to one subsequently incurred. *Detroit Fire & Marine Ins.*

*Co.* v. *Helms,* 184 Ark. 308, 42 S. W. (2d) 394; *First National Bank etc.* v. *Corning Bank,* 168 Ark. 17, 268 S. W. 606. In the latter case it was decided, after naming a particular debt secured, that the expression, "together with all other indebtedness which may be due," would not cover antecedent debt evidenced by notes, but only advances subsequently made.

In *Berger* v. *Fuller,* 180 Ark. 372, 21 S. W. (2d) 419, in construing the general expression, "or any indebtedness of whatsoever sort or nature that may be due from mortgagors to mortgagee at the time of the foreclosure of this mortgage," it was held to be "clearly referable to the character of indebtedness named in the language of the clause preceding, and cannot be extended to include the class of indebtedness other than those specifically mentioned."

As suggested by our early cases, in the construction of a mortgage the real question is, "what was the intention of the parties to the mortgage?" In determining this all the circumstances attendant upon the execution of the mortgage and the nature of the transaction itself are to be considered (*Martin* v. *Halbrooks, supra; American Bank & Trust Co.* v. *First National Bank of Paris,* 184 Ark. 689, 43 S. W. (2d) 248); and, in order to extend the intention of the parties beyond the primary purpose of the mortgage so as to secure the payment of debts other than those specifically mentioned, from our decisions and principles of natural justice the following rule may be deduced: where a mortgage is given to secure a specific debt named, the security will not be extended as to antecedent debts unless the instrument so provides and identifies those intended to be secured in clear terms and, to be extended to cover debts subsequently incurred, these must be of the same class and so related to the primary debt secured that the assent of the mortgagor will be inferred. The reason is that mortgages, by the use of general terms, ought never to be so extended as to secure debts which the debtor did not contemplate. "Where one contracts in good faith with a debtor that the security given should include not only that specifically mentioned in the mortgage but other indebtedness,

whether existing then or to be incurred in the future, it is not difficult to describe the nature and character thereof, so that both the debtor and third parties may be fully advised as to the extent of the mortgage.'' *American Bank & Trust Co.* v. *First National Bank of Paris, supra.*

In the case at bar the $6,100 note executed by Hendrickson to the appellees has no connection, so far as the mortgage indicates, with the primary debt secured, and there is nothing in the mortgage which would call to the attention of the appellants the fact that the security of the mortgage given was to be extended so as to cover that debt. This appeared from the exhibit which must control the averments of the complaint, and therefore the decree was not responsive to the allegations and was erroneous. It will therefore be reversed, and the cause remanded for such further proceedings as the parties may be advised in conformity with principles of equity and not inconsistent with this opinion.