[No. 12155.   Department Two. —June 9, 1888.]

WILLIAM WEITHOFF, APPELLANT, v. MATHEW MURRAY, ADMINISTRATOR ETC. OF HUGH MURRAY, DECEASED, ET AL., RESPONDENTS.

TERMINATION OF EMPLOYMENT BY NOTICE OF DEATH OF EMPLOYER. —Notice of the death of the employer, as a general rule, puts an end to an employment from month to month.

ID. —CONTINUANCE OF EMPLOYMENT FOR REASONABLE TIME IN CERTAIN CASES — PLEADING — FACTS — CONCLUSIONS — REASONABLE TIME— NECESSITY. — In order to bring a case within section 1998 of the Civil Code, providing for the continuance of the employment for a reasonable time in certain cases, the complaint must state facts, and not mere conclusions. It is not sufficient to allege in terms that the continuance of the employment was necessary, and that the time was reasonable. Instance of a case of unreasonable time.

FAILURE TO FILE NOTICE OF LIEN IN TIME. — The failure to file the notice of a laborer's lien within the time allowed by the statute destroys the lien.

APPEAL from a judgment of the Superior Court of Calaveras County.

The facts are stated in the opinion.

*Reddick & Solinsky*, for Appellants.

The claim of lien, although filed after the death of the employer, was in due time. (Phillips on Mechanics' Liens, sec. 298; *Williams* v. *Webb*, 2 Disn. 430; Code Civ.

Proc., secs. 1186, 1187; *McCrea* v. *Craig*, 23 Cal. 525; *Germania B. & L. Ass'n* v. *Wagner*, 61 Cal. 349; *Mc-Greary* v. *Osborne*, 9 Cal. 121.) The death of the employer did not terminate the employment. (Civ. Code, sec. 1998.)

*Eagon & Rust,* and *Eagon & Armstrong,* for Respondents.

The plaintiff's employment terminated with the death of the employer, of which he had notice. (Civ. Code, sec. 1996.)

Hayne, C.—Action to foreclose a laborer's lien. The court below gave judgment for the defendants on demurrer to the amended complaint, and the plaintiff appeals. The facts shown by said complaint are substantially as follows:—

The plaintiff was employed by one Hugh Murray, who was the owner of a certain "water-ditch property," as "a laborer and ditch-tender." The employment must be taken to have been from month to month. After a little more than five years, the owner died. We think it must be assumed from the complaint that the plaintiff had notice of the death of his employer, and therefore that the employment was at an end (Civ. Code, sec. 1996), unless the case falls within the following provision of the same code:—

"Sec. 1998. An employee, unless the term of his service has expired, or unless he has a right to discontinue it at any time without notice, must continue his service after notice of the death or incapacity of his employer, *so far as is necessary to protect from serious injury* the interests of the employer's successor in interest, *until a reasonable time after notice of the facts has been communicated to such successor.* The successor must compensate the employee for such service according to the terms of the contract of employment."

In order to bring himself within this section, the plaintiff alleges: "That it was necessary for this plaintiff to continue his services as laborer and ditch-tender on said ditch property after the death of said Hugh Murray, in the same manner as prior to said Hugh Murray's death; and that plaintiff did work and labor on said ditch as laborer and ditch-tender continuously from the time of the death of said Hugh Murray up to and including June 30, 1884, and that said services so performed by plaintiff after the death of said Hugh Murray as aforesaid were necessary to protect from serious injury the said ditch premises and the interests therein of the successors of the said Hugh Murray; that the continuation of said services up to the thirtieth day of June, 1884, was a reasonable time after notice of the facts had been communicated to the said successors in interest of said Hugh Murray."

The objection to the foregoing is, that it does not state facts, but mere conclusions of law. We cannot accept the mere assertion of the plaintiff that the continuance of his employment was necessary. He should have stated facts showing it to be so. Nor, if it were otherwise as to the necessity, can we accept his mere assertion that the period of such continuance was reasonable. The administrator was appointed January 15, 1884, and when he was appointed it was the duty of the plaintiff to inform him of the state of the case. If good excuse for not doing so existed, it should have been shown. For all that appears in the complaint to the contrary, he was notified as soon as appointed. And on this assumption we think that, in the absence of special circumstances, the delay from January to June was wholly unreasonable.

This being the case, it appears from the complaint that the notice of lien was not filed within either thirty or sixty days from the termination of the employment. (Code Civ. Proc., sec. 1187.)

The only question is as to the existence of the lien; for no claim was presented to the administrator, and the plaintiff expressly waives all recourse against any property of the estate other than the ditch property, and all claim for compensation for services since the death of his employer.

We therefore advise that the judgment be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.