[No. 18057. Department Two. — March 25, 1893.]

# W. A. MORRIS et al., Respondents, v. W. W. WILSON, Appellant.

Mechanic's Lien — Unrecorded Contract — Contractor not Entitled to Lien — Assumpsit for Work and Labor — Judgment. — A contractor who has entered into a written contract with the owner of land for the construction of a building thereon for an amount in excess of one thousand dollars, but who fails to have the contract therefor recorded, is not entitled to a lien for the value of the work done thereunder. He can only recover a personal judgment against the owner of the building for the value of his work and labor, as upon an implied contract, without any allowance for counsel fees or expenses of preparing and recording a mechanic's lien.

Id. — Compliance with Statute. — A mechanic's lien only exists by virtue of a compliance with the statute which creates it, and he who would avail himself of the benefits of the statute must comply with its terms.

APPEAL from a judgment of the Superior Court of San Joaquin County.

The facts are stated in the opinion.

*Thompson & Paulsell,* for Appellant.

*James H. & J. E. Budd,* for Respondents.

SEARLS, C. — Appeal from a decree in favor of plaintiffs for $356.35 and costs, and for the foreclosure of a mechanic's lien as security therefor.

The cause comes up on the judgment roll.

The lien of the plaintiffs is for labor and services as carpenters and builders, rendered to the defendant in the construction of a build‸ng upon a lot of land owned by the latter in the city of Stockton, county of San Joaquin.

They were not entitled to a lien. They had entered into a written contract with defendant to furnish all the materials and construct the building for the sum of two thousand dollars, which contract was never filed, as required by section 1183 of the Code of Civil Procedure.

Under such circumstances the contract was void.

In such case, the labor done and materials furnished by all persons *except the contractor* shall be deemed to have been done and furnished at the personal instance of the owner, and they shall have a lien for the value thereof. (Code Civ. Proc., secs. 1183, 1884.)

The evident intent of the statute was to make it an object for both the contractor and owner to put in writing and record their building contracts, where the amount agreed to be paid is in excess of one thousand dollars.

The penalty which attaches to the owner for failure to do so is, that he may be held liable for the value of all labor done and materials furnished by persons other than the contractor, without reference to the contract price.

The contractor suffers the penalty of a like failure, by

being excepted from the class of persons who may take liens under the law.

If a contractor, under a contract void for the reasons indicated, can perform the labor and furnish materials, and file a valid lien upon the implied promise to pay, as was attempted in this case, he can avoid the force and intended effect of the statute. It is true that our constitution (sec. 15, art. XX.) provides that "mechanics, material-men, artisans, and laborers of every class shall have a lien upon the property upon which they have bestowed labor or furnished material," etc. But the constitution is not, and does not profess to be, self-acting. It commands legislation on the subject.

It is equally true that the first part of section 1183 of the Code of Civil Procedure provides for a lien in favor of a class of persons, among which contractors are included, but this must be read in connection with the context; and he who would avail himself of the benefits of the law must bring himself within its purview as to time and manner of filing. In short, he must comply with the statute, to avail himself of its benefits.

Plaintiffs claim that their demand is for extra labor, and therefore not included in the void contract. Their claim of lien, made a part of the complaint, negatives this position.

In the notice of lien it is averred "that said employment was under an attempted contract in writing, and the contract price and amount agreed to be paid under said contract exceeded one thousand dollars, but said contract was never filed, . . . . and was and is wholly void," etc. Showing that, the contract being void, they claim under an implied contract to recover that which, had the written contract been properly filed, they could have recovered under it. The law gives them a right, in such cases, to recover the money on an implied contract.

A mechanic's lien only exists by virtue of compliance with the statute which creates it. Plaintiffs did not

comply with the terms of that statute. They must therefore rest content with a personal judgment.

The judgment should be reversed, and the court below directed to enter a personal judgment only in favor of plaintiffs, without counsel fees or expenses of preparing and recording the mechanic's lien.

HAYNES, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the judgment is reversed, and the court below is directed to enter a personal judgment only in favor of plaintiffs, without counsel fees or expenses of preparing and recording the mechanic's lien.

McFARLAND, J., DE HAVEN, J., FITZGERALD, J.

Hearing in Bank denied.

PATERSON, J., dissented from the order denying a hearing in Bank.