## ASCHA et al. v. FITCH.

### Sac. No. 115; October 6, 1896.

#### 46 Pac. 298.

**Mining Lien Claim—Sufficiency—Statement.**—Under Code of Civil Procedure, section 1187, which requires the claimant of a lien for labor performed on a mining claim to file for record his claim, containing a statement, among other things, of "the name of the owner or reputed owner, if known, and also the name of the person by whom he was employed," a lien claim which fails to state by whom the claimant was employed is fatally defective.

**Mining Claim Lien—Sufficiency of Statement.**—A claim for lien, after describing the mining claim, stated that F. was the owner of the claim, "the said lien being held and claimed for and on account of work and labor performed by me as a miner for said F. on said mining claim" for a period definitely stated, "under an agreement with said F.," etc. Held, that such claim stated by whom the claimant was employed, as required by Code of Civil Procedure, section 1187.

**Mining Claim Lien.**—Such Claim of Lien Contained a Sufficient statement of the "terms, time given, and conditions of the contract," as required by statute.[1]

---

[1] Cited and followed in Castagnetto v. Coppertown Min. etc. Co., 146 Cal. 333, 80 Pac. 76, where, as to compliance with the lien law in respect of the statement, the court say the statute is not to be so narrowly construed as to fritter away and destroy the claimant's rights.

**Mining Claim Lien.**—Where the Precise Words of the Statute have not been used by the claimant of a lien for labor done on a mining claim, but substantially equivalent expressions have been resorted to, it is a sufficient compliance with the statute.

**Mining Claim Lien.**—In an Action to Enforce a Lien for Labor Done on a mining claim, where it appears that the claim for lien is insufficient because it fails to state by whom the claimant was employed, the claimant is entitled to a personal judgment against defendant for the amount due him, and it is error to grant a motion for nonsuit.

APPEAL from Superior Court, Siskiyou County; J. S. Beard, Judge.

Action by Nathan Ascha and others against C. S. Fitch to enforce three several liens, one in favor of each of the plaintiffs, on the Gold Nugget mining claim. From a judgment of nonsuit plaintiffs appeal. Reversed.

Warren & Taylor for appellants; Herbert R. Raynes and L. F. Coburn for respondent.

SEARLS, C.—This action is brought to enforce three several liens, one in favor of each of the plaintiffs, for labor performed upon the Gold Nugget mining claim, situate in the county of Siskiyou. The three plaintiffs united in the action, as under section 1195 of the Code of Civil Procedure they may properly do. At the trial the liens were severally offered in evidence. To their introduction, and to the introduction of each of them, counsel for defendant objected, ''upon the grounds that it is incompetent, irrelevant, immaterial, and, further, that it does not comply with section 1187 of the Code of Civil Procedure, which section provides what these claims of lien shall contain. It is not verified, as provided by law it shall be. It does not contain the name of the person by whom this man was employed. It does not contain a statement of the terms, time given, or conditions of the contract.'' The court sustained the objection, to which ruling counsel for plaintiffs duly excepted. Thereupon counsel for plaintiffs rested, and on motion of defendant's counsel a nonsuit was granted. These several rulings were relied upon by the plaintiffs in a motion for a new trial, and from an order denying such motion they appeal.

There was proof of the performance by plaintiffs of the labor for defendant upon the mining claims, and of the filing of the liens in due time, and the first question involved relates to the sufficiency of the several liens and of the affidavits thereto. We are of opinion that the ruling of the court in excluding the lien of George F. Ascha, one of the plaintiffs, was correct. Under section 1187 of the Code of Civil Procedure, the lien claimant is required to file for record his claim, containing a statement, among other things, of "the name of the owner or reputed owner, if known, and also the name of the person by whom he was employed," etc. The lien filed by said George F. Ascha states that C. S. Fitch is the owner and reputed owner, but fails to state by whom he was employed. This was a fatal omission: Wood v. Wrede, 46 Cal. 637. Different considerations apply to the other two liens. They are substantially alike, and we set out one in full, with the affidavit attached thereto, as a type of the other. It is as follows:

"Know all men by these presents, that I, L. F. McCoy of Sawyer's Bar, Siskiyou county, state of California, do hereby give notice of my intention to hold and claim a lien, by virtue of the statute in such case made and provided, upon that certain real estate in said Siskiyou county, in Liberty mining district, and known as the 'Gold Nugget Mining Claim'; that C. S. Fitch is the owner and reputed owner of said mining claim, the said lien being held and claimed for and on account of work and labor performed by me as a miner for said C. S. Fitch upon said mining claim for the period of thirty-six days from the 10th day of April, 1894, up to and including the 30th day of May, 1894, under an agreement with said C. S. Fitch, for an agreed per diem of $2.50, amounting in the aggregate to the sum of $90; that by the terms of said agreement I was to receive my pay at the end of each and every week; that I have received for said work and labor the sum of $16, and no more, leaving a balance still due, owing, and unpaid to me of the sum of $74; that thirty days have not elapsed since the performance of said work and labor.

"L. F. McCOY.

"State of California,
"County of Siskiyou,—ss.

"On this 23d day of June, 1894, personally appeared L. F. McCoy, who, being by me first duly sworn, on his oath says that the abstract of indebtedness mentioned and described in the foregoing notice is true and correct, and that there is still due and owing to him from the said C. S. Fitch, for the work and labor aforesaid, the sum of $74, after deducting all just credits and offsets.

"L. F. McCOY.

"Subscribed and sworn to before me this 23d day of June, 1894.

"[Seal]    JOHN S. HUGHES,
"Notary Public for Siskiyou County, Cal."

From the foregoing notice it will be observed that the claimant states, among other things: (1) That the owner and reputed owner of the mining claim is C. S. Fitch. (2) That the lien is claimed on account of labor performed by claimant upon the mining claim for said C. S. Fitch. (3) That it was performed under an agreement with said C. S. Fitch, for an agreed price of $2.50 per day, payable at the end of each week. (4) That he has received for such work a given sum, and no more, leaving a balance of $74 due and owing. (5) The affidavit states that said sum of $74 is still due and owing him, after deducting all just credits and offsets.

To say that A performed labor for B does not necessarily imply that B employed him; but to assert that A performed labor for B under an agreement with the latter as to the rate of wages and time of payment is to allege substantially that A was employed by B. The notice of lien contained a sufficient statement of the "terms, time given, and conditions of the contract." It is true that a mechanic's lien is purely a statutory creation, and that he who would avail himself of its benefits must show a substantial compliance with the terms of the statute. It by no means follows, however, that courts should give to the statute a construction tending, by its technicality, to fritter away, impair or destroy the benign objects aimed at in its adoption. Whatever is made necessary to the existence of the lien must be performed, or the attempt to create it will be futile. But we are not called upon to hold the claimant to a rigid technicality as to the

manner of performance; and where it appears that the precise words of the statute have not been used by the claimant, but that other and substantially equivalent expressions have been resorted to, it will be deemed a sufficient compliance with the requirements of the law. In this view of the case, the liens of L. F. McCoy and Nathan Ascha were sufficiently explicit to entitle them to be admitted in evidence, and their exclusion was erroneous.

2. The order granting defendant's motion for a nonsuit was erroneous. The lien of C. F. Ascha, as before stated, was without validity, but, upon the evidence disclosed by the record, he was entitled to a personal judgment against the defendant for the amount due him: Morris v. Wilson, 97 Cal. 644, 32 Pac. 801; Lacore v. Leonard, 45 Cal. 394; Code Civ. Proc., sec. 580. We recommend that the order denying a motion for a new trial be reversed and a new trial ordered.

We concur: Vanclief, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order denying a motion for a new trial is reversed and a new trial ordered.