## GNEKOW v. CONFER et al.

### Sac. No. 234; March 31, 1897.

#### 48 Pac. 331.

**Mechanics' Liens—Personal Liability of Owner.**—Code of Civil Procedure, section 1183, providing that a building contract shall be void if not filed with plans and specifications, and that in such case the labor done and materials furnished by all persons except the contractor shall be deemed to have been done and furnished "at the personal instance of the owner," and that the persons furnishing them shall have a lien for their value, does not create a contractual relation between the owner and subcontractor, whereby the owner can be held personally liable for such work and materials, but merely affords an opportunity for a lien by complying with the statute.

APPEAL from Superior Court, Shasta County; J. S. Beard, Judge.

Action by E. L. Gnekow against Saul Confer, Jr., and W. E. Hanks (copartners under the firm name of Confer & Hanks), and Masonic Building Association (a corporation). From a judgment in favor of the Masonic Building Association, plaintiff appeals. Affirmed.

Kile & Plummer, J. J. Paulsell and Thomas B. Dozier for appellant; Clay W. Taylor and J. Chadbourne for respondents.

SEARLS, C.—This action is brought to foreclose a mechanic's lien taken by plaintiff upon a building of the defendant the Masonic Building Association, to secure a balance of $756 due on account of material furnished and labor performed upon a building described as the "New Masonic Building," situate in Redding, county of Shasta, state of California. The other defendants, viz., Confer and Hanks, who were the original contractors for the construction of the building, made default. The defendant the Masonic Building Association had judgment, upon the ground that the lien of plaintiff was not filed within the time prescribed by the statute, viz., within thirty days after the completion of the building. Plaintiff appeals from the judgment and the cause is presented on the judgment-roll.

Appellant acquiesces in the judgment refusing to enforce his lien, but insists that upon the findings he was entitled to a personal judgment against the corporation defendant for $756, the amount of his claim. The findings show in substance as follows: (1) In the month of July, 1891, the corporation defendant entered into a contract with Saul Confer and W. E. Hanks, by which the latter agreed for $25,000 to construct the new Masonic building or temple in the city of Redding, and work was commenced before the contract was recorded in the office of the county recorder, and is therefore void as against plaintiff. (2) About September 15, 1891, plaintiff entered into an agreement with Confer & Hanks to furnish tin for the roof of said building, gas and water pipes, water-closets, sinks, soil-pipes, etc., and to perform the labor of placing all of the material in place for $1,956. Plaintiff completed his contract, and was paid $1,200 on account thereof by the owner of the building, the corporation defendant. The residue of the findings relate to matters going to the validity of plaintiff's lien, but in no wise affecting the personal liability of the corporation defendant to plaintiff.

We think appellant's claim that he is entitled to a personal judgment against the corporation defendant cannot be upheld. Plaintiff was a subcontractor, who furnished material

and performed labor on the building for Confer & Hanks, who were the original contractors, and plaintiff occupied no contractual relation with the owner of the building, unless it was created under section 1183 of the Code of Civil Procedure, by a failure of the parties to record their building contract before work was commenced on the building. The effect of such failure is declared by section 1183, supra, to be that the contract shall be "wholly void, and no recovery shall be had thereon by either party thereto; and in such case the labor done and materials furnished by all persons aforesaid, except the contractor, shall be deemed to have been done and furnished at the personal instance of the owner, and they shall have a lien for the value thereof." When the law, in the contingencies mentioned in section 1183, assumes that labor is performed and material furnished "at the personal instance of the owner," it is simply for the purposes of the liens which it is the object of the statute to afford to those who perform labor or furnish material for the construction of buildings, etc. To accomplish this object, the statute creates under the circumstances, by its own force and vigor, such a relation for a specific purpose, viz., to uphold a lien, as will effectuate that purpose. The statute does not, however, create or attempt to create a contractual relation between the owner and a subcontractor upon which a personal action will lie. This question was involved in McMenomy v. White (decided by this court December 17, 1896), 115 Cal. 339, 47 Pac. 109, and it was said: "The owner, however, is not personally liable for labor done and materials furnished at the instance of the contractor, even though the contract be void, for the reason stated, the only remedy against the owner in such case being a foreclosure of the liens": Southern California Lumber Co. v. Schmitt, 74 Cal. 625, 10 Pac. 516; Giant Powder Co. v. San Diego Flume Co., 78 Cal. 193, 20 Pac. 419; Davies-Henderson Lumber Co. v. Gottschalk, 81 Cal. 647, 22 Pac. 860; Wood v. Transit Co., 107 Cal. 502, 40 Pac. 806. A subcontractor may have a personal action against the original contractor, but, as against the owner of the property, his relief is confined to a lien upon the property, and to a foreclosure and sale as provided by the statute. The case of Morris v. Wilson, 97 Cal. 644, 32 Pac. 801, relied upon by appellant, was one in which the original contractors had entered into

a contract with the defendant for the construction of a building. The contract was held void for want of filing, as required by section 1183, and that plaintiffs were not entitled to a lien, but were entitled to a personal judgment against defendant, the owner of the building. The personal liability there was based upon the contractual relation between the parties, which does not exist here as between the plaintiff and the corporation. The judgment should be affirmed.

We concur: Belcher, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.