[Civ. No. 1293.   Second Appellate District.—March 31, 1913.]

## AMERICAN SAVINGS BANK (a Corporation), Appellant, v. ELVA M. KEMP, Respondent.

MORTGAGE—SECURITY FOR FUTURE INDEBTEDNESS.—A mortgage may secure future indebtedness, otherwise unsecured, thereafter to arise by virtue of contracts expressed or implied between the parties.

ID.—OBLIGATIONS COVERED—CREDIT GIVEN BY MISTAKE OF MORTGAGEE BANK.—A mortgage to a savings bank, as security for future contract indebtedness between the parties, covers an excessive credit made through mistake by the bank to the mortgagor.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

Avery & French, for Appellant.

Chas. S. McKelvey, for Respondent.

ALLEN, P. J.—The action was one to foreclose a mortgage. The facts alleged in the complaint are these: Defendant borrowed of plaintiff bank five hundred dollars giving her note therefor and securing the same by mortgage on certain real estate described in the complaint.   This mortgage, in addition to providing that the same should secure such note, further provided that it should secure necessary expenditures in relation to the care and preservation of the property, taxes paid other than those assessed upon the mortgage, and contained this further agreement: "And it is agreed this mortgage shall secure all other indebtedness that may hereafter during the continuance of this mortgage be due, owing or existing from said mortgagor to said mortgagee."   It was fur-

ther averred that through a mistake at the time the loan was consummated plaintiff credited defendant upon its books with five hundred dollars in excess of the amount which should have been properly placed to her credit on account of the loan; that defendant knowing that fact drew from plaintiff's bank the full amount of said credit, plaintiff being at the time of the payment thereof in ignorance of the error; that thereafter defendant paid the amount due upon the note, but refused to refund or repay the amount so paid her by mistake, and the nonpayment of the five hundred dollars is alleged. This action is brought to foreclose said mortgage on account of the amount so due from defendant by reason of the excessive and erroneous credit and payment. The defendant filed a general demurrer to the complaint, which was sustained by the court below, and the complaint not being amended, judgment went for defendant, from which plaintiff appeals.

That a mortgage may secure future indebtedness otherwise unsecured thereafter to arise by virtue of contracts, express or implied, between the parties thereto, has long been the settled law of this state. *Provident etc. Assoc.* v. *Shaffer,* 2 Cal. App. 216, [83 Pac. 274], and other authorities relied upon by respondent have no application to this case, where the facts show that the indebtedness existed by virtue of an implied contract between the parties to the mortgage. Respondent seems to rest her contention as to the insufficiency of the complaint upon the fact that the mortgage having recited the character of various payments which plaintiff was authorized to make upon defendant's default, was followed by the agreement hereinbefore set out with reference to further indebtedness, and all of these stipulations were followed by this stipulation: "And the receipt therefor of the proper officer or person authorized by law to receive the same, shall be proof both of the payment thereof, and that the same was a true and legal charge upon the premises"; it being respondent's contention that only those things were intended to be secured which were payable to officers or third persons entitled to receive payments specified. We think this a strained and improper construction of the mortgage. The conclusive character of the payments to be made to officers or third persons obviously referred to the preceding paragraphs, which refer to payments contemplated to be made to officers and third

parties, but in no sense qualified the absolute agreement that the mortgage should stand as security for future contract indebtedness between the parties.

We are of opinion that the court erred in sustaining the demurrer, and the judgment is reversed and cause remanded.

James, J., and Shaw, J., concurred.