HOLLAN *v.* AMERICAN BANK OF COMMERCE & TRUST CO.

Opinion delivered May 25, 1925.

1. MORTGAGES—SECURITY FOR OTHER INDEBTEDNESS.—A mortgage executed to secure certain notes which provides that it shall be security for any other indebtedness that may be owing by the mortgagor to the mortgagee "up to the time of foreclosure" is not limited to indebtedness incurred before maturity of the described notes, but includes all indebtedness of any kind incurred up to the time of foreclosure.

2. MORTGAGES—CONSTRUCTION.—A mortgage is a matter of contract between parties, as there is no limitation upon the right to contract with reference to the extent of the debt secured; the province of the court being merely to interpret the language and declare the right of the parties in accordance with the expressed intention of the parties.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*Snodgress & Snodgress,* for appellant.

*Moore, Smith, Moore & Trieber,* for appellee.

McCULLOCH, C. J. This is an action to foreclose a mortgage executed by appellants to appellee on certain

real property in the city of Little Rock. The mortgage was executed on April 3, 1920, to secure the payment of two notes of that date, each for $2,000, payable one year after date, with interest. The mortgage also contained the following clause:

"This deed of trust shall be security for any other indebtedness of whatever kind or character that may be owing by grantor to said American Bank of Commerce & Trust Company up to the time of foreclosure of this deed of trust, whether then matured or not, but the lien therefor shall be subordinate to the lien for the indebtedness herein specifically described."

When the notes became due there was an agreement extending the date of maturity until October 3, 1921.

In April, 1921, appellants became further indebted to appellee as indorsers on two negotiable promissory notes, executed by one Williams to appellants and by them sold and indorsed over to appellee. Liability of appellants on these two notes was established by a judgment at law rendered in favor of appellee prior to the institution of the present action, and the amount of that indebtedness was, at the time of the decree below, $972.21. The only point at issue in the case was whether or not the indebtedness described above, in addition to the two notes specifically mentioned in the mortgages, fell within the terms of the mortgage and were secured thereby. The court decided in favor of appellee on that point, and rendered a decree foreclosing the mortgage both as to the notes and additional indebtedness. There was a junior mortgagee, who was made party and has not appealed. No question is involved as to priority between the junior and senior mortgagees.

It is first contended by counsel for appellants that the language of the mortgage should be interpreted to refer only to indebtedness incurred up to the date of the maturity of the two notes described in the mortgage. Placing that interpretation on the language of the mortgage does not help appellant's cause, for, according to the

undisputed evidence, there was an agreement extending the date of the maturity of the notes to a date beyond the time that the additional indebtedness was incurred. But we are of the opinion that the construction contended for by counsel for appellants is not the correct one. In the case of *Fort* v. *Black,* 50 Ark. 256, there was involved the interpretation of a mortgage to secure a promissory note and to secure "supplies furnished and to be furnished," and this court held that the mortgage covered only advances made up to the date of the maturity of the note. In later cases involving mortgages, using broader language, we have held that the mortgage covered any indebtedness up to the time of the foreclosure. Each instrument, of course, must be interpreted according to its particular language, and, in order to interpret the present mortgage in accordance with the contention of counsel for appellants, it would be necessary to wholly reject the language in the mortgage which has an unmistakable meaning. *Howell* v. *Walker,* 111 Ark. 362; *Word* v. *Cole,* 122 Ark. 457.

We must interpret the language of this mortgage to mean just what it says—that it secures any indebtedness incurred up to the time of the foreclosure. It is a matter of contract between the parties, as there is no limitation upon the right to contract with reference to the extent of the debt secured by a mortgage, and the province of the court is merely to interpret the language and declare the rights of the parties in accordance with their intention as expressed in the language used.

It is next contended that this case falls within the ruling of the court in the recent case of *Page* v. *American Bank of Commerce & Trust Co.,* 167 Ark. 607. In that case a series of chattel mortgages had been executed by the present appellants to the present appellee to secure separate notes, and there was a clause in each of the mortgages providing that it should be security "for all other moneys, advances, goods, wares, merchandise, supplies, services, etc., furnished by the party of the second part

(the bank) to the party of the first part (Hollan Auto Company) up to the foreclosure of this instrument.'' In disposing of the case here, we said:

"We think the proper interpretation of the clause for advances in the several mortgages was to secure any additional advances which appellee might make on any particular shipment, and not secure independent loans secured by other mortgages on independent shipments. The clause was not intended to cover loans secured by separate mortgages on entirely different property, but to secure advances related and incident to each particular contract and shipment.''

It will be observed that the clause of the mortgages involved in that case and the clause involved in this case are couched in entirely different language. In the former case it provided for the security of "all other moneys, advances, goods, wares, merchandise, supplies, services, etc.,'' whilst in the present case the mortgage secures "any other indebtedness of whatever kind or character that may be owing by grantor to said American Bank of Commerce & Trust Company up to the time of foreclosure of this deed of trust.'' The former mortgages were restricted by the language to indebtedness incurred for advances, whereas the mortgage now before us embraces any kind of indebtedness. The language of the present mortgage is just about as broad as it is possible to make it. Nor does this case fall within the recent decision of this court in *Lightle* v. *Rotenberry*, 166 Ark. 337, where it was held that a mortgage providing that it should be security "for the payment of any other liability or liabilities of grantor already or hereafter contracted'' did not embrace obligations of the mortgagor held by the bank as collateral security for the debt of another person. In interpreting the language of the mortgage in that case, we said that it had reference to liabilities which had directly arisen between the mortgagor and mortgagee. The language in the present case is far broader, for it reads, "other indebtedness of what-

ever kind or character that may be owing." It is difficult to imagine how more appropriate language could have been used by the parties with the intention of accurately describing the particular kind of indebtedness involved in the present case. It is clear that the parties meant to include every kind of indebtedness or liability of appellants to the appellee, whether it arose directly or indirectly. The chancery court was therefore correct in holding that the mortgage of appellants to appellee embraced and secured, as against the appellants as mortgagors, the additional indebtedness heretofore described. We express no opinion as to what the effect would be if the rights of subsequent mortgagees were involved.

Decree affirmed. _____