BERGER *v.* FULLER.

Opinion delivered November 11, 1929.

*Chas. D. Frierson,* for appellant.

*Caraway, Baker & Gautney,* for appellee.

BUTLER, J.   Henry Fuller and Lizzie Fuller, husband and wife, being indebted to the appellant, Alex Berger, executed several promissory notes evidencing the indebtedness, and, to secure the same, executed and delivered to Berger a mortgage on forty acres of land in Craighead County.   Afterwards Henry Fuller and one Reynolds executed to appellant a promissory note for $240, the same being for the purchase price of certain timber, vendor's lien to which was retained by Berger to secure the payment of the note.   At about the same time Fuller was having his transactions with the appellant he was also doing business with the American Trust Company, and from time to time gave them notes in small amounts, which were secured by mortgage on eighty acres of land in Craighead County, the homestead of Henry and Lizzie Fuller.   This eighty acres of land included no part of the forty-acre tract mortgaged by the Fullers to the appellant, Berger.   Later on the Fullers executed another note

to the American Trust Company for $560, which was merely to consolidate and be in lieu of the notes before then executed to the trust company. This last note was secured by the same eighty acres of land mortgaged to the trust company, and was executed on a collateral note form.

The Fullers were negroes. They made payments to the trust company which reduced their indebtedness to it on the notes to the sum of $361, to which was added certain taxes paid by the trust company for Fuller. Alex Berger purchased this note from the trust company, and procured an assignment of it and the mortgage securities to himself. He then brought this suit, asking for foreclosure of the mortgage given by the Fullers to him and of the vendor's lien contained in the timber contract, and also for foreclosure of the mortgage given by the Fullers to the American Trust Company. In his suit he prayed for foreclosure on the mortgage purchased by him from the trust company for not only the debt of Fuller and wife to the trust company, but also for all other debts due Berger arising out of other and separate transactions, contending that he was entitled to this relief, because of a stipulation in the mortgage to the American Trust Company, which is as follows:

"It is also agreed that this debt herein secured shall include not only the notes above recited, but also whatever sums may be due from mortgagors to mortgagee at the time of foreclosing this mortgage, whether such sums be for payment of taxes on these lands, for release of liens or incumbrances, for fire insurance premiums, for protecting the title and possession of the premises, for the debts not incurred in respect of this land, such as personal account, or unsecured note, or a judgment or any indebtedness of whatsoever sort or nature that may be due from mortgagors to mortgagee at the time of foreclosing this mortgage," and because of an identical clause contained in the mortgage from the Fullers to Berger upon the separate forty acres of land.

The appellees admitted the execution of the various notes and mortgages and the balances due as claimed by Berger, and admitted his right, as assignee of the American Trust Company, to the debt due by them to that company, and the right to have the mortgage to said trust company foreclosed. They denied the right of Berger to foreclose said mortgage for any other debts than those owing by Fuller to the American Trust Company at the date of the assignment of the note and mortgage by it to the appellant, Berger. This issue was submitted to the court, which, after making the findings about which there is no dispute, concluded as follows:

"And upon the note above set out, signed by Henry Fuller and Lizzie Fuller, to the American Trust Company, and by it indorsed to the plaintiff, Alex Berger, the court finds that Alex Berger is entitled to the balance of principal and interest due upon the note, together with interest according to the terms thereof, and also to the taxes and special assessments above recited, which were paid upon the land embraced in the mortgage to American Trust Company; and that, default having been made in said mortgage, the said Alex Berger is entitled to a foreclosure of the mortgage executed to American Trust Company by the said Henry Fuller and Lizzie Fuller, *et cetera* * * *. But the court finds that, as to any and all other indebtedness due to the said Alex Berger by the said Henry Fuller and Lizzie Fuller, there is no lien upon the land described in the said mortgage from Henry and Lizzie Fuller to the said American Trust Company, and that the first series of notes above set out as due originally to the said Alex Berger cannot be declared liens on the land described in the' mortgage to American Trust Company, but that only such debts as become due originally to the American Trust Company are collectable as against the lands in the mortgage to the American Trust Company, and that the said Berger, by the purchase of said mortgage and notes, did not acquire the right to tack his other indebtedness onto the indebtedness

of the American Trust Company which he purchased, nor to make the same a lien against the lands described in said mortgage to American Trust Company, and that portion of the complaint is dismissed for want of equity, and the finding is in favor of the defendants in that regard only, but otherwise for the plaintiff.".

From that part of the decree hereinbefore recited Berger prosecutes this appeal. He contends that he is entitled to recover his entire indebtedness, of whatsoever nature, due from Fuller, and, under the mortgage which appellant purchased from the American Trust Company, is entitled to foreclose for the sum of all debts of whatsoever nature. He argues that the language of the mortgage is sufficiently broad to support this contention, and cites the case of *Hollan v. American Bank of Commerce & Trust Co.*, 168 Ark. 939, 272 S. W. 654, to uphold this view.

In that case Hollan executed a mortgage to the bank to secure the payment of two notes, each for $2,000, payable one year after date, with interest. The mortgage contained the following clause: "This deed of trust shall be security for any other indebtedness of whatever kind or character that may be owing by grantor to said American Bank of Commerce & Trust Company up to the time of foreclosure of this deed of trust, whether then matured or not." Hollan became further indebted to the appellee as indorser on two negotiable promissory notes executed by one Williams to him, and by him sold and indorsed over to the appellee. Liability on these two notes was established by a judgment rendered in favor of the bank, and subsequently thereto the bank brought its action to foreclose the mortgage both as to the notes specifically mentioned therein, and also for the indebtedness represented by the Williams notes and the judgment therefor. The court said: "The only point at issue in the case was whether or not the indebtedness described above, in addition to the two notes specifically mentioned in the mortgages, fell within the terms of the mortgage

and were secured thereby. * * * Each instrument, of course, must be interpreted according to its particular language * * *. We must interpret the language of this mortgage to mean just what it says—that it secures any indebtedness incurred up to the time of the foreclosure.'' The court then decided that all of the indebtedness before mentioned was included in the mortgage, and in concluding its opinion the court distinguished the phraseology of the mortgage in the case then before it from that in the case of *Lightle* v. *Rotenberry,* 166 Ark. 337, 266 S. W. 297, saying: ''The language in the present case is far broader, for it reads, 'other indebtedness of whatever kind or character that may be owing.' It is difficult to imagine how more appropriate language could have been used by the parties with the intention of accurately describing the particular kind of indebtedness involved in the present case. It is clear that the parties meant to include every kind of indebtedness or liability of appellants to the appellee, whether it arose directly or indirectly. The chancery court was therefore correct in holding that the mortgage of appellants to appellee embraced and secured, as against the appellants as mortgagors, the additional indebtedness heretofore described.''

It will be observed that in this case and in the case of *Myers* v. *Shain Lumber Co.,* 178 Ark. 174, 10 S. W. (2d) 20, relied upon, the mortgages construed were made to secure indebtedness due by the mortgagor to the mortgagee, and it was in none of these cases held that indebtedness secured by another and different mortgage upon other and different property could be embraced and secured in another and independent mortgage. Nor did the court in the case of *Hollan* v. *American Bank of Commerce & Trust Company, supra,* so hold. The language in the conclusion of the decision above quoted was merely illustrative in its character, and in no wise essential to a decision of the question before the court.

The language of the mortgage under consideration— ''or any indebtedness of whatsoever sort or nature that

may be due from mortgagors to mortgagee at the time of foreclosing this mortgage"—is clearly referable to the character of indebtedness named in the language of the clause preceding, and cannot be extended to include the class of indebtedness other than those specifically mentioned. This language, as we construe it, has reference only to the debts due primarily from the mortgagor to the mortgagee, and does not include debts which might be purchased from third parties. Mortgages of this character have been denominated "anaconda mortgages," and are well named thus, as by their broad and general terms they enwrap the unsuspecting debtor in the folds of indebtedness embraced and secured in the mortgage which he did not contemplate, and to extend them further than has already been done would, in our opinion, be dangerous and unwise; for, if this should be done, some one who might have been engaged extensively in business, and by reason of financial reverses become largely indebted, and who had selected from his property a small portion upon which he and his family might dwell as their homestead, and from that vantage point begin the battle of life anew, might be deprived of it by grasping and unconscionable creditors. He might apply to some one for a loan of a small sum in order to enable him to make his crop, only such sum as was necessary for his direst necessities, and, to secure it, place a mortgage on his home. The mortgagee might then buy up for some small price the debts before then incurred by his mortgagor, and when, at the end of the year, that mortgagor should have brought to him the money he had borrowed, might find that his home was incumbered by all these outstanding debts, and the last refuge of himself and family be swept away. No such principle can be implied from the language of the learned justice in *Hollan* v. *American Bank of Commerce & Trust Co., supra,* nor did he intend to lay down any such rule.

We hold that the decree of the chancellor in the instant case is supported on every principle of reason and

equity, and is correct, and that a mortgagee buying up claims held against his mortgagor by third persons cannot have them embraced in, and secured by, his mortgage, or included in a foreclosure decree, unless the language of the instrument provides in the clearest and most unmistakable terms for their inclusion, and that such stipulation was expressly called to the mortgagor's attention, and, after having fully understood the same, he assented thereto. 20 Am. & Eng. Enc. 964, and cases cited; *Provident Mutual Bldg. & Loan Assn.* v. *Shaffer,* 2 Cal. App. 216, 83 Pac. 274; *Perrin* v. *Kellog,* 38 Mich. 720.

The decree is affirmed.