644 So.2d 97 (1994)
UNITED NATIONAL BANK, Appellant,
v.
Henry S. TELLAM, III, Nancy D. Tellam, et al., Appellees.
No. 93-1155.
District Court of Appeal of Florida, Third District.
September 7, 1994.
Rehearing Denied November 16, 1994.
Broad and Cassel, and Harry A. Payton, and Gary E. Lehman, Miami, for appellant.
Sparber, Kosnitzky, Truxton, de la Guardia, Spratt & Brooks, and Gary S. Brooks, Miami, for appellees, Henry S. Tellam, III and Nancy D. Tellam.
Before JORGENSON, COPE, and GERSTEN, JJ.
GERSTEN, Judge.
Appellant, United National Bank (mortgagee), appeals from a final summary judgment in favor of appellees, the Tellams (mortgagors), in an action for declaratory relief. We affirm.
The issue on appeal is whether a mortgagee can enforce a dragnet clause in the mortgagors' *98 promissory note against a preexisting obligation of one of the mortgagors. The facts as they relate to this issue revolve around two sets of transactions.

FIRST TRANSACTION WITH MORTGAGEE
Beginning in 1985, Henry Tellam and Doran Jason executed a series of promissory notes to the mortgagee for business purposes. These notes were renewed several times. Henry Tellam defaulted on the final note by failing to pay the May, 1991 installment.

SECOND TRANSACTION WITH MORTGAGEE
In 1989, Henry and Nancy Tellam executed a mortgage to the mortgagee to secure payment of a note they jointly executed in 1988. Within the fine print of the promissory note, was a dragnet clause:
As used in this instrument, the term "Obligations" shall refer to the indebtedness represented by this note and all renewals and substitutions hereof and claims of every nature and description of the Holder against the Obligors whether present or future, contracted with or acquired by the Holder, and whether joint, several, absolute, contingent, matured, unmatured, liquidated, unliquidated, or any of them, direct or indirect.
Subsequently, the Tellams paid the amount of the 1988 note in full.
In 1992, the Tellams demanded that the mortgagee record a satisfaction of the mortgage. The mortgagee refused, claiming that pursuant to the dragnet clause, it was entitled to maintain the mortgage until Henry Tellam paid off the note from the first transaction. The mortgagee brought a declaratory action to determine whether the dragnet clause in the note secured by the Tellams' mortgage in the second transaction, operated to secure the defaulted note of Henry Tellam in the first transaction.
A dragnet clause in a mortgage purports to use the real estate as security for all debts past, present and future, between the parties to a security agreement. Boyette v. Carden, 347 So.2d 759, 761 (Fla. 1st DCA 1977). The clause can help facilitate commercial transactions which involve ongoing advancements of funds. Canal Nat'l Bank v. Becker, 431 A.2d 71, 74 n. 5 (Me. 1981).
However, the dragnet clause is also known as the "anaconda" clause because of its propensity to "enwrap the unsuspecting debtor in the folds of indebtedness embraced and secured in the mortgage which he did not contemplate." Berger v. Fuller, 180 Ark. 372, 21 S.W.2d 419, 421 (1929). A literal interpretation of a dragnet clause would permit the bank to turn to the real estate secured by the mortgage when a mortgagor is late in paying a personal loan, misses a payment on an automobile loan, or overdraws her checking account at the bank. Becker, 431 A.2d at 74; Wong v. Beneficial Sav. & Loan Ass'n, 56 Cal. App.3d 286, 128 Cal. Rptr. 338, 342 (1976).
In Florida, dragnet clauses are to be strictly construed against the drafter of the instrument. Boyette, 347 So.2d at 761; United States v. American Nat'l Bank, 255 F.2d 504, 507 (5th Cir.), cert. denied, 358 U.S. 835, 79 S.Ct. 58, 3 L.Ed.2d 72 (1958).
Many courts have held that debts incurred prior to the security agreement are not covered within a dragnet clause unless these debts were specifically identified in the security agreement itself. See, e.g., National Bank v. Blankenship, 177 F. Supp. 667, 673-74 (E.D.Ark. 1959), aff'd sub nom. National Bank v. General Mills, Inc., 283 F.2d 574 (8th Cir.1960); Lundgren v. National Bank, 756 P.2d 270, 278-79 (Alaska 1987); Wong, 128 Cal. Rptr. at 342; First Nat'l Bank & Trust Co. v. Lygrisse, 231 Kan. 595, 647 P.2d 1268, 1272 (1982). These courts reason that if the parties intended the mortgage to cover the antecedent debt owed, they would have no reason not to identify the debt in the subsequent security instrument. Lundgren, 756 P.2d at 278-79; Blankenship, 177 F. Supp. at 673-74.
We join those authorities which hold that preexisting obligations will not be included within the scope of a dragnet clause unless they are specifically identified by name in the mortgage. This requirement *99 prevents mortgages from being extended to secure debts which were not contemplated by the debtor, and thus not within the intention of the parties. See Hendrickson v. Farmers' Bank & Trust Co., 189 Ark. 423, 73 S.W.2d 725, 729 (1934); Boyette, 347 So.2d at 761; Watson v. Poe, 203 So.2d 14, 15 (Fla. 4th DCA 1967). Moreover, identifying preexisting obligations in the mortgage will provide accessible notice of the extent of indebtedness the mortgage secures to those who subsequently deal with the parties and the property. Lundgren, 756 P.2d at 278.
Applying these principles to the facts of this case, we find that the first transaction was not covered by the dragnet clause in the second transaction, because the dragnet clause failed to specifically identify the preexisting debt. Because we determine that the preexisting obligation of Henry Tellam was not secured by the Tellams' mortgage, and because the Tellams have paid their mortgage in full, the mortgagee was obligated to satisfy the mortgage. See § 701.04, Fla. Stat. (1991).
Affirmed.
JORGENSON, J., concurs.
COPE, Judge (concurring).
Assuming for purposes of the present appeal that the language relied on by the Bank constituted a dragnet clause with respect to the Tellams' Florida Keys mortgage, I entirely agree with the majority opinion.
Although we do not need to reach the point, I have considerable doubt that the clause relied on by the Bank has any effect whatsoever with regard to the Florida Keys mortgage. In this case Mr. and Ms. Tellam executed two documents: (1) a note, and (2) a mortgage on the Florida Keys property. The mortgage instrument contains a future advance clause (which is not at issue here), but contains no dragnet clause at all. The language relied on by the Bank is in the note, not the mortgage.
In my view an effective dragnet clause can be created with respect to a mortgage on real estate only by placing appropriate language in the mortgage instrument itself. "Any mortgage or other instrument given for the purpose of creating a lien on real property ... may, and when so expressed therein shall, secure not only existing indebtedness, but also such future advances ... as are made within 20 years... ." § 697.04(1)(a), Florida Statutes (1993) (emphasis added). In this case the failure to place the purported dragnet clause in the mortgage prevents its being effective to create a lien on the Florida Keys real estate  leaving aside the fact that the clause also fails to identify the preexisting indebtedness. Finally, upon payment of the note in full, the note was extinguished, and the provision of the note relied on by the Bank ceased to have any effect.