713 So.2d 1095 (1998)
Eugenio Rafael GARROTE, et al., Appellants,
v.
OCEAN BANK, Appellee.
No. 97-469.
District Court of Appeal of Florida, Third District.
July 22, 1998.
*1096 Amador & Amador and Rolando A. Amador, Miami, for appellants.
Louis K. Nicholas, II, Miami, for appellee.
Before NESBITT, JORGENSON and COPE, JJ.
JORGENSON, Judge.
Eugenio and Gladys Garrote, homeowners, appeal from a final judgment of foreclosure. We reverse.
This case presents the question of whether a dragnet clause in an open first mortgage on residential homestead property secures a later-incurred debt that arose from the parties' personal guarantees of business loans from the same lender. We hold that under these facts, it does not.[1]
In October, 1988, the homeowners executed a promissory note to Ocean Bank in the amount of $130,000.00, secured by an open first mortgage on their homestead property. On its first page, the mortgage contains the following clause:
This is an open first mortgage in the amount of $130,00.00 given to secure any present or future obligations of Eugenio Rafael Garrote and Gladys Garrote, his wife. (emphasis added)
The dragnet clause is repeated in paragraph 44 of the instrument:
In addition to the obligations described above (as evidenced by the PROMISSORY NOTE or otherwise), this Mortgage is given to secure any and all obligations of MORTGAGOR to BANK arising by virtue of any security agreement, Promissory Note or other agreement between MORTGAGOR and the BANK and for all obligations of MORTGAGOR to the BANK, contingent or absolute, direct or indirect, regardless of however or whenever created.
On June 8, 1989, and January 10, 1990, after the homeowners obtained the residential mortgage, they personally guaranteed two business loans from Ocean Bank given to International Textile Traders, Inc., totaling $100,000.00. The corporate borrower defaulted on the loans; Ocean Bank sued the borrower and the Garrotes as guarantors and obtained a judgment for $143,268.70. That judgment was not appealed, and Ocean Bank placed a judgment lien on the Garrotes' residential property.
In 1994, Ocean Bank sought to foreclose on the residential mortgage, alleging that the lien from the International Textiles litigation was secured by that mortgage through the dragnet clause. The trial court entered a final judgment of foreclosure.
*1097 We reverse and remand on the authority of Uransky v. First Fed. Sav. & Loan Ass'n of Fort Myers, 684 F.2d 750 (11th Cir.1982).
[C]ourts may conclude under Florida law that a future advance is secured by an open-ended mortgage either when the subsequent note specifically refers to the mortgage as providing security for that advance or when the two obligations relate to the same transaction or are of the same kind or class.
Id. at 756.
Thus, a dragnet clause in a mortgage will cover future debts only if the subsequent note specifically refers back to the mortgage's dragnet clause as providing security for that advance; or when the obligations relate to the same transaction or are of the same kind or class. See Decorah State Bank v. Zidlicky, 426 N.W.2d 388, 390 (Iowa 1988) ("In the absence of clear, supportive evidence of a contrary intention a mortgage containing a dragnet type clause will not be extended to cover future advances unless the advances are of the same kind and quality or relate to the same transaction or series of transactions as the principal obligation secured or unless the document evidencing the subsequent advance refers to the mortgage as providing security therefor."); First Nat'l Bank in Wichita v. Fink, 241 Kan. 321, 736 P.2d 909 (1987); Canal Nat'l Bank v. Becker, 431 A.2d 71 (Me.1981); First Sec. Bank of Utah v. Shiew, 609 P.2d 952 (Utah 1980); Akamine & Sons, Ltd. v. American Security Bank, 50 Haw. 304, 440 P.2d 262, 268 (1968) ("To attempt to foreclose, for example, on the mortgagor's home for debts incurred in operating a business and which debts are not specifically covered by the mortgage would be unconscionable and contrary to public policy."); see generally Grant S. Nelson & Dale A. Whitman, Real Estate Finance Law § 12.8 (3d ed.1993); Milton Roberts, Annotation, Debts Included in Provision of Mortgage Purporting to Cover All Future and Existing Debts (Dragnet Clause)Modern Status, 3 A.L.R.4th 690 (1981 & Supp.1997).
In this case, the guarantees of the business loans were not made in transactions "similar in character" to the residential mortgage; nor did the later-incurred debts anywhere indicate that the obligations were secured by the dragnet clause in the residential mortgage. The dangers of dragnet clauses such as this are apparent: lack of notice to the borrower and unfair surprise. Homeowners who are not aware of the full implications of a dragnet clause unknowingly place their homes at risk.
We reverse that portion of the final judgment of foreclosure that relates to the judgment lien arising from the business guarantees and remand for further proceedings consistent with this opinion.
NOTES
[1] This court has held that a preexisting obligation is not included within the scope of a dragnet clause unless the obligation is specifically identified by name in the mortgage. See United Nat'l Bank v. Tellam, 644 So.2d 97 (Fla. 3d DCA 1994). Cf. Robert C. Roy Agency v. Sun First Nat'l Bank, 468 So.2d 399 (Fla. 4th DCA) (holding that where the clear and unambiguous language of a dragnet clause in a note included past, present, and future obligations, bank was also entitled to retain possession of coin collection pledged as security for subsequent loans when debtor defaulted on residential loan and bank foreclosed on property), review denied, 480 So.2d 1295 (Fla.1985).