FLETCHER, Judge.
Marc David Sarnoff, as trustee for the Center Cove Association [Lender], filed an action against appellants Nasser Edrisi and Payman Edrisi [Borrowers] foreclosing on a mortgage and note. The final judgment entered against the Borrowers, was in the total sum of $40,347.97 and reserved jurisdiction to award attorney’s fees and costs at some later time. The Borrowers paid the $40,-347.97 and requested that the Lender provide a satisfaction of judgment and release the lis pendens, but the Lender refused, contending that all indebtedness evidenced by the mortgage had not been satisfied as the attorney’s fees and costs (the amount of which had not yet been determined) had not been paid.
The Borrowers then moved, pursuant to section 701.04(1), Florida Statutes (1997),[1] for an order compelling the Lender to provide the requested satisfaction and release of lis pendens, predicating their motion on the absence from the mortgage and note of any provision for attorney’s fees and costs. The Lender, although, acknowledging that absence, argued that it was entitled to attorney’s fees pursuant to section 57.105, Florida Statutes (1997)(lack of any justiciable issue) and costs as the prevailing party. The Lender maintained that these items became a part of the relief contemplated by a “dragnet” (or “anaconda”[2]) clause in the mortgage, and thus the section 57.105 fees and the suit costs would be included within the mortgage lien. *1126 The trial court agreed with the Lender and denied the Borrowers’ motion to compel the satisfaction of the judgment and release of the lis pendens.[3]
We reverse the trial court’s denial of the motion and remand with directions to enter an order compelling the Lender to provide a satisfaction of judgment and to release the lis pendens. The clause to which the Lender refers us is not truly a dragnet clause, which is described as “a mortgage provision that purports to make the real estate security for other, usually unspecified, debts that the mortgagor may already owe or may owe in the future to the mortgagee.”[4] The clause which the Lender relies on here reads:
“The hen of this Mortgage secures and shall continue to secure payment of all indebtedness referred to herein, whether evidenced by the Note or any renewal or extension thereof or otherwise until all such indebtedness shall have been fully paid.” [emphasis supplied]
The clause thus limits the Ken to indebtedness referenced by the mortgage. Section 57.105 attorney’s fees and costs not referred to in the document are thus not dragged into any mortgage net. As a consequence there was no Ken on the property after the Borrowers' paid the amount of the judgment and they were entitled to receive the satisfaction and to have the lis pendens released.
Reversed and remanded with directions.

. Which provides in pertinent part:
"Whenever the amount of money due on any mortgage, lien, or judgment shall be fully paid to the person or party entitled to the payment thereof, the mortgagee, creditor, or assignee, or the attorney of record in the case of a judgment, to whom such payment shall have been made, shall execute in writing an instrument acknowledging satisfaction of said mortgage, lien, or judgment and have the same acknowledged, or proven, and duly entered of record in the book provided by law for such purposes in the proper county.”

. So-called because of its wrapping "the unsuspecting debtor in the folds of the indebtedness embraced and secured , in the mortgage which he did not contemplate.” United Nat'l Bank v. Tellam, 644 So.2d 97, 98 (Fla. 3d DCA 1994)(quoting Berger v. Fuller, 180 Ark. 372, 21 S.W.2d 419, 421 (1929)).

. The section 57.105 fees are the subject of a separate appeal.

. Grant S. Nelson and Dale A. Whitman, Real Estate Finance Law § 12.8, at 227-28 (3d ed.1993). An example of such a clause is set out in Garrote v. Ocean Bank, 713 So.2d 1095 (Fla. 3d DCA 1998):
"In addition to the obligations described above (as evidenced by the PROMISSORY NOTE or otherwise), this Mortgage is given to secure any and all obligations of MORTGAGOR to BANK arising by virtue of any security agreement, Promissory Note, or other agreement between MORTGAGOR and the BANK and for all obligations of MORTGAGOR to the BANK, contingent or absolute, direct or indirect, regardless of however or whenever created.”